GUY, McCLELLAN & CO. VS. WALKER & JOHNSON.

---

APPEAL FROM JUSTICE OF THE PEACE:  *Justice compelled to perfect record.*
   If a justice of the peace omits to sign his name to the jurat to an affidavit for an appeal to the circuit court, he may be compelled to sign it by rule of court.

APPEAL from *Franklin* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.
*Feilder*, for appellant.
*Mansfield, contra.*

HARRISON, J. Guy, McClellan & Co. brought an action of replevin against Walker, Johnson & Co., before a justice of the peace for five bales of cotton. No return to the order of delivery was made by the constable, and it does not appear that the cotton was delivered to the plaintiffs, or ever taken from defendants; but the defendants, upon the trial, recovered judgment against the plaintiffs for $198.43.

The plaintiffs prayed an appeal. The defendants moved, in the circuit court, to dismiss the appeal, upon the ground that no affidavit for an appeal had been made. The only paper, in any wise purporting to be such an affidavit, was the following:

" GUY, MCCLELLAN & Co., plaintiffs,  
          vs.  
WALKER, JOHNSON & Co., defendants.  
} Affidavit for appeal.

" We, Guy, McClellan & Co., do solemnly swear that the appeal taken by us in the above entitled cause is not taken for the purpose of delay, but that justice may be done.

                " GUY, MCCLELLAN & Co.,

                    " Poston."

" Sworn and subscribed before me, this the twenty-fourth day of May, 1878."

The court dismissed the appeal, and the plaintiffs appealed to this court.

APPEAL FROM J P.:
Justice compell e d to perfect record.

If the oath was in fact made. and the justice or officer administering it, omitted to sign the jurat, he might have been, at the instance of the plaintiffs, if the paper was otherwise sufficient as an affidavit, compelled to sign it, by a rule. of the court against him; but that was not done, and, without the signature of the officer, there was no authentication of the fact that the declaration contained in the paper was made under oath.

But if the signature had been attached, we doubt if the paper could, by the most liberal construction, be held to be the affidavit of any one.

Other gross irregularities appear in the case, which need not be stated.

The court did not err in dismissing the appeal.

Affirmed.