Fortenheim v. Claflin, Allen & Co.

---

FORTENHEIM v. CLAFLIN, ALLEN & CO.

47    49
67   132

1. ATTACHMENT: *Affidavit not signed.*
An affidavit for attachment made by one of a firm, thus, " I, Robert Powell, state," etc., and signed, " Forrester & Powell," is sufficient; but if not signed at all it would be cured by amendment.

2. AFFIDAVIT; *Without jurat, amendable.*
An affidavit is not a nullity for the omission of the jurat of the officer administering the oath, but is amendable.

APPEAL from *Sebastian* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.

*Cohn & Cohn* for Appellants.

We submit that the ruling of the lower court was wrong, for the following reasons :

1. Because there was no relevant testimony before the court going to sustain the interplea. The affidavit they intro-

3———47

duced was directly against them. And the testimony of the deputy clerk, if competent, was worthless, it being a mere opinion as to matters that could not be proved by opinion. On their own testimony, the decision should have been against them. There was not even a scintilla of what could be regarded testimony, to sustain the interplea, introduced by the interpleaders. Unquestionably, then, the evidence of F. & W. should have been regarded. Really this decision shocks sound principles of justice.

2. Moreover Stalcup's testimony was incompetent to contradict his own certification—his record entry. It would be extremely dangerous to allow officers to destroy the effect of their certifications by subsequently, sometimes a long period afterwards, calling them in question through the operations of an unreliable and treacherous memory; a memory which can easily be worked upon by the artifice of contentious attorneys, especially if the official be venal or weak-minded. *State v. Montgomery, 35 Miss., 105; Allen v. Lenoir, 53 Miss., 321; Haskel v. Haven, 3 Pick., p. 404; Bartlett v. Gale, 4 Paige, 503 esp. 509; note p., 257 Phillips Ev., (C. & H. notes); Ferguson v. Harwood, 7 Cr., 408; Greenleaf Ev., vol. 1, note 4 to sec. 506.* We do not see why a clerk should any more be entitled to contradict his certificate than a sheriff or constable his return.

3. An affidavit in attachment is not void because it is not subscribed, if it was duly sworn to. *Agricultural Assn v. Madison, 9 Lea (Tenn.), 407.*

4. The failure of the clerk to attest the fact that the affidavit was sworn to is not fatal to an attachment. *Willy v. Bennett, 9 Baxter, 581.* See *Kahn v. Kuhn, 44 Ark., 410.*

Claflin, Allen & Co.'s amended petition was filed and tried after a judgment had been rendered sustaining the claim and attachment of Furstenheim & Welford. Now, though the judgment could not oust a claimant of the property attached, (see *Brown v. McGehee, 38 Ark., 329;*) because he does not

Fortenheim v. Claflin, Allen & Co.

stand in the shoes of the defendant, it could another attaching creditor, except where there was collusion between the debtor and judgment creditor.   *Cooper v. Reynolds, 10 Wall, 308, 315, seq.; Waples, p. 478 note 3; Erwin v. Lowry, 7 How. (U. S.), 172.*

In any event the interpleaders had no standing in court, for they did not show that their attachment was good, by allegation or proof.   *Islam v. Ketchum, 46 Barb., 43; Tim v. Smith, 93 N. Y., 87; Waples, p. 478 note 3.*

· *Sanders & Husbands* for Appellees.

The proper affidavit was not made, and the attachment was void.   This is clearly shown by the evidence, to the introduction of which *neither party objected.*   The court found *as a fact* that no affidavit was made, and this court will not reverse unless clearly contrary to the evidence.

That parol evidence may be introduced to contradict an officer's return or certificate see *43 Ark., 232; 32 Id., 390.*

COCKRILL C. J.   Both parties to this appeal sued out an attachment against the same debtor, and caused them to be levied upon the same property.  Judgment was rendered in appellants' favor and their attachment sustained.  · On the same day, whether before or after judgment does not appear, the appellees, whose attachment had been obtained in another tribunal, intervened in the appellants' suit, set up their subsequent attachment lien; and sought to obtain priority over the appellants' attachment by alleging that no affidavit had been made by the appellants or by any one for them before the order of attachment was sued out in their case.

There was what purported to be an affidavit for attachment of record in the case, conforming substantially to the require-

ments of the statute, and bearing the same date and file mark of the order of attachment. An effort was made, however, to show by the deputy clerk who issued the attachment and certified that he had duly administered the oath to the affiant in the attachment affidavit, that the certificate was false and that no oath had been in fact administered. The deputy was not positive, in his testimony, whether he had administered the oath or not, but his impression was that he had not done so. No other person was called to prove the fact. The affiant, who was one of the attorneys in the case, testified positively that he had been duly sworn by the deputy before the writ issued, and his co-counsel, who was present when the papers were filed, heard him announce to the deputy his readiness to be sworn to the truth of the statements in the affidavit, and thought the oath was then administered. All agreed that the officer's certificate to the affidavit was not attached until several days after the writ issued. In the hurry of preparing the papers it had been overlooked by all parties, but when the deputy's attention was subsequently called to this fact, and he was reminded that the affidavit had been regularly made, he readily acceded to the request to certify the fact, and then attached this certificate to it: "Sworn to by R. T. Powell, before me, Dec. 4, 1883," and signed it officially. December 4th was the day the affidavit was filed and the date of the order of attachment.

The affidavit was signed "Forrester & Powell," but Powell's full name was written in the body of it, and he testified that he had called the deputy's attention to that fact before being sworn. Upon this showing the court found that "no affidavit was made in the manner required by law before the writ of attachment was issued," and declared the law to be that "in making affidavits they must be made in some one of the ways prescribed by the statute," and quashed the appellants' attachment.

Fortenheim v. Claflin, Allen & Co.

The findings are not drawn with precision. They were doubtless prepared under the pressure of other business, and facts and conclusions of law are not plainly discernable from each other; but as both seem to presuppose that an affidavit had been made, but not "in the manner required by law," or in the "way prescribed by statute," it is apparent that the court tried the case upon the theory that the want of the formalities ordinarily and properly used in making affidavits vitiated the affidavit in this case and avoided the proceedings based upon it.

Whether it is competent, after judgment sustaining the prior attachment, for a second attacher, in the absence of fraud, to show that no oath had in fact been administered before the first attachment issued, when the process is regular and is based upon what appears to be a valid affidavit, it is not now necessary to determine, as no objection in any form was made to the effort to do so in this case. No objection was interposed to the introduction of any testimony. The exceptions are confined to the finding of facts and the conclusions deduced therefrom, and we need consider nothing more. The conclusions drawn by the court from the evidence are to be treated in the nature of a special rather than a general finding, and the finding when reduced to precision in this case is that the name of the affiant was not subscribed and the jurat of the officer was not affixed to the affidavit when the process issued.

Now, as the body of the affidavit ran, "I, Robert Powell, state," etc., and was signed "Powell" and another, this would seem to be a sufficient signing to satisfy a very rigid rule, but if the affidavit had not been signed at all the defect might have been cured by amendment. *Agricultural Assn. v. Madison, 9 Lea (Tenn.), 407.*

1. Attachment affidavit not signed.

The same is true as to the jurat of the officer. Swearing the affiant was the essential fact, and if this was done and the officer administering the oath neglected to attest the fact, that would not render the affidavit a nullity. *Wiley v. Bennett, 9*

2. Without jurat amendable.

*Baxt., 581; Stout v. Folger, 34 Iowa, 71; Kruse v. Wilson, 79 Ill., 233; Bergesch v. Keevil, 19 Mo., 127.*

The officer subsequently cured this defect by amendment, and the defendant in the action could not have taken advantage of the irregularity after that.

Applying then the rule laid down in the case of *Sannoner v. Jacobson, ante, p. 31,* the second attacher was not in a position to complain, whether his attachment was sued out before or after the amendment.

Let the judgment be reversed, and the case remanded for further proceedings.