## RAILWAY COMPANY *v.* DEANE.

### Opinion delivered May 11, 1895.

*Affidavit for appeal—Failure to show venue.*

> Where, to an affidavit for appeal from a justice's court otherwise sufficient, but expressing no venue, there is attached a proper jurat showing that the oath was administered to the affiant by a notary public, it will be presumed that the notary acted within his jurisdiction.

Appeal from Benton Circuit Court.

EDWARD S. McDANIEL, Judge.

Deane sued the St. Louis & San Francisco Railway Company, and obtained a judgment, from which defendant appealed. In the circuit court the appeal was dismissed because the affidavit for appeal failed to show the venue in which the oath was administered. The affidavit in question was as follows:

"In Justice Court, before F. M. Liner, J. P.

J. T. Deane, Plaintiff.
    *v.*
St. Louis & San Francisco Railway Company, Defendant.
} Affidavit for Appeal.

I, B. R. Davidson, on oath state that I am the attorney for the defendant in the above entitled cause, and that the appeal from the judgment herein rendered by F. M. Liner, J. P., is not taken for the purpose of delay, but that justice may be done the defendant.

                       B. R. DAVIDSON.

Subscribed and sworn to before me, this 12th day of June, 1893.          W. S. POLLARD,

                    Notary Public.

My commission expires the 1st day of February, 1897."

Defendant has appealed.

*E. D. Kenna* and *B. R. Davidson* for appellant.

1. It was not *necessary* to state the venue. 56 Cal. 558; 18 Minn. 90; 1 Barb. Ch. 218; 8 Paige (N. Y.), 428; 54 N. W. 536; Proffat on Notaries, sec. 66; 65 Ia. 680; 80 Ill. 307. Such technicalities as these have been disregarded in affidavits in proceedings before justices of the peace. 18 Ark. 236–244; 47 *id.* 49–53.

2. It was error to render judgment for costs. If the circuit court acquired no jurisdiction, it could render no judgment for costs. 42 Ark. 183; 26 *id.* 315.

BATTLE, J. While it is proper to prefix a venue to an affidavit, and desirable that it should be done, the failure to do so is not fatal to the affidavit. "The important thing is that it shall appear that the oath was administered by a person authorized to administer such oaths." When that appears, the presumption, in the absence of a venue, is that the officer before whom the affidavit was made acted within his jurisdiction, when it was sworn to and signed before him. *Reavis* v. *Cowell*, 56 Cal. 588; *Parker* v. *Baker*, 8 Paige, Ch. 428; *Barnard* v. *Darling*, 1 Barb. Ch. 218; *State* v. *Henning*, 54 N. W. 536; Proffat on Notaries, sec. 52, and cases cited.

An affidavit in which the venue is not stated is defective, but can be amended. The court may require it to be done, according to the facts, in the most practical manner, and tax the party filing it with the cost of the amendment. But, under the statutes of this State, it cannot legally dismiss an appeal from a justice of the peace to the circuit court, on account of defects in affidavits. Sand. & H. Dig. sec. 4433.

The judgment of the circuit court dismissing the appeal is reversed, and the cause is remanded for further proceedings.