KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* STATE.

Opinion delivered March 13, 1911.

1. CRIMINAL LAW—WAIVER OF OBJECTION TO PROCESS.—Where warrants of arrest in ten criminal cases against a railway company was served by reading the warrants to the company's station agent, and the railway company entered its appearance by asking a continuance in each case, and subsequently pleaded guilty in four of the cases, the other six being dismissed at its cost, the company can not, on a motion to retax the costs, raise the objection that the railway company could not be brought into court by a warrant of arrest. (Page 181.)

2. WITNESSES—CLAIM FOR ATTENDANCE—SIGNING.—Kirby's Digest, § 3524, providing that "every account for attendance of a witness shall be sworn to," does not require such account to be signed by the witness nor that he make affidavit to it. (Page 181.)

3. SAME—CLAIM OF ATTENDANCE.—Where witnesses in attendance upon the circuit court went before the clerk and swore to their claims of attendance in a case, the failure of the clerk to attach his jurat and signature to the affidavits, if necessary, will not invalidate such claims, as such omission is amendable. (Page 183.)

4. COSTS—MOTION TO RETAX—EVIDENCE.—It was not error, upon a motion to retax costs, to permit the witnesses in the cause to testify that they had attended court as witnesses in accordance with the subpoena the number of days shown on the record of their proof of attendance, as such testimony did not tend to contradict or vary such record or proof of attendance. (Page 183.)

Appeal from Polk Circuit Court; *J. T. Cowling,* Judge; affirmed.

*Read & McDonough,* for appellant.

1. The *accounts* were not sworn to according to law. Kirby's Digest, § 3524; 91 Ark. 600; 64 Ark. 148. An *account* is a formal statement in detail of transaction—a list or statement of monetary or property transactions or detailed statement. 88 Me. 108; 10 West. Law Journal, 145; 38 Me. 149; 45 Mo. 573; 102 Mich. 462; 79 Miss. 220; 53 Mo. 423; 128 Ala. 505; 64 Ark. 148; 91 Ark. 600. A statement merely showing a total sum or balance is not an account. 16 Atl. 138.

2. The witnesses were not *legally* summoned. A bench warrant is not a summons. A corporation cannot be arrested. Kirby's Digest, §§ 2109, 2225, 2256, 2261-2-3-4, 2309, 2254. The return is invalid. *Id.* 6045, 6042.

3. An allowance of fees to these witnesses without authority of law would be a violation of § 14, art. 1, Constitution of U. S.; Kirby's Digest, §§ 3520 to 3526.

KIRBY, J. This appeal is brought from the judgment of the Polk Circuit Court overruling appellant's motion to retax the costs in each of ten cases that were in said court upon indictments returned against it at the October, 1909, term, charging violations of section 6634 of Kirby's Digest for failure to provide drinking water, keep separate waiting rooms, water closets, etc.

The circuit court convened in regular session on October 17, the indictments were returned on the 22d. Bench warrants were issued on that day on each of the ten indictments, and the sheriff returned them duly served on that day "by reading to D. Salee and H. Ravenscraft, agents of the K. C. S." The return on each warrant was the same, and the record shows the cases were placed upon the docket, and on November 15, the last day of court, by an order continued until the next term. It was not shown that the warrants were directed, issued, or the cases put upon the docket by any order of the court. The clerk testified that during the term a telegram was received from the attorney of the road asking that the cases be continued to the next term because of his inability to be present at the term. At the April term the railroad company entered pleas of guilty in four of the cases, and

the others, numbered 1047 to 1058, were at the same time dismissed, each by an order as follows: "Now, on this day it is ordered by the court that this cause be and the same is hereby dismissed, and that the defendant pay all costs in this cause expended."

The costs complained of were fees of appellees Thorington, Connell and Shrewsbury for attendance as witnesses in said cases at said October term of court. Each of them was in each case subpoenaed "to appear before the Polk Circuit Court on the ———— day of its next term, which will be on the 25th day of October, 1909, and testify," etc., by subpoena regularly issued and duly served on 22d day of October, 1909, and claimed seven days' attendance in each case. It is contended, first, that no costs could have been legally incurred at the October term of court, at which the indictments were returned, because the defendant could not be required to answer them before the next term of court, and could not be brought into court at all by bench warrant, and, second, that said witnesses did not prove up their claims as required by law.

The purpose of the warrant and summons was to bring the defendant into court, or notify it to come, to answer the indictment. It is not possible to arrest a railroad company and produce it in court, and the warrant could only have the effect of a summons to give notice of the pendency of the indictment, but we do not regard it necessary to decide that it was a proper method of bringing the railroad company into court since its attorney asked continuances of the cases for the term because he could not be present, and at the following term on April 25, 1910, it entered pleas of guilty in four of them, and the others were dismissed at its cost at the same time without objection by it to the service. Such objection on a motion to retax the costs comes too late.

2. These witnesses attended the October term of said court in said cases in pursuance to said subpoena as shown by the testimony, and it is objected that they are not entitled to fees because they failed to prove their attendance as the law requires. Sec. 3524, Kirby's Digest, provides: "Every account for attendance of a witness shall be sworn to, and shall state that he was summoned to attend as a witness in the cause upon which the

charge is made, and the number of days he attended, and, if summoned without the limits of the county, the number of miles he traveled in consequence of the summons."

These witnesses went before the clerk and signed the witness' claim record at the October, 1909, term of court, as shown by it, in the column of the page designated "signature." This record book had printed at the top of each page, *Witness' Claims,* ———— Term, 190—," and the following oath: "I do solemnly swear that I was duly subpoenaed as a witness in the cause wherein I have claimed attendance, and that in obedience to said subpoena I have served as such witness as set forth opposite my name." The page was ruled into columns designated: "No. of Case: Plaintiff: Defendant: For Whom: County: Days: Miles: Amount, Dollars: Cents: Signature." The style of the case was given in columns under "Plaintiff" and "Defendant," "State of Arkansas v. K. C. S. Ry. Co." then followed the numbers of the indictments or cases in which fees were claimed, the figure 7 under "Days;" $10.50 with "each" written above it in column "Amount," and the witness' name on the same line in "Signature" column. There was no jurat, nor was the clerk's name signed upon the page. He testified it was his custom to call the attention of witnesses proving attendance to the oath and show them where to sign and swear them, and that he was unable to remember whether he had sworn them when they signed the claim record. It was not his custom to attach his signature and jurat to the page. They each testified that they were served with subpoena and the return of the officer on the subpoena showed this fact, and attended court in obedience thereto, J. C. Thorington and S. D. Shrewsbury seven days each in four cases, and J. A. Connell seven days in six cases, the number of days claimed on the said records; that they made their claims of attendance and signed the claim record at said term of court, and understood at the time that they were making oath thereto before the clerk, and one testified that he held up his hand and was sworn by the clerk. One of the appellees stated that the clerk signed his (witness') name on the claim record at his request. The statute does not require that the witness shall sign his statement of account, nor make an affidavit to it in proving up his attendance before the clerk, but only that it "shall be sworn to." The clerk

is allowed a fee as part of the costs of the case "for swearing witnesses to attendance." *Logan Co.* v. *Trimm,* 57 Ark. 489; *Trimble* v. *Ry. Co.,* 56 Ark. 249. If his signature and jurat were necessary to witnesses' proof of attendance, it was his duty to attach them, and the claim will not be invalidated because he failed to perform his duty. Such omission is amendable, and he could have attached them at the hearing of the motion. *Guy* v. *Walker,* 35 Ark. 212; *Fortenheim* v. *Claflin,* 47 Ark. 49.

The court committed no error in permitting the witnesses' to testify that they had attended court as witnesses in the cases in accordance with the subpoena the number of days shown on the record of their proof of attendance at that term, and were entitled to the amounts then and there claimed, for such testimony did not tend to contradict or vary said record or proof of attendance. The court found that J. C. Thorington, J. A. Connell and S. D. Shrewsbury attended court as witnesses at the October term, 1909, after being summoned, the number of days claimed in said cases and proved up their attendance at said term and taxed the amount of their claim for fees as costs in said cases, and his findings are sustained.

The judgment is affirmed.