Terry *v.* Klein.

## Opinion delivered March 4, 1918.

1. MECHANIC'S LIENS—ITEMIZED ACCOUNT NOT NECESSARY.—Under Kirby's Digest, section 4981, it is not necessary that a claimant file an itemized account, in order to make his lien effectual. The rule is the same where the lien is sought to be enforced by one with a contract direct with the owner, and by a subcontractor.

2. CONFLICT OF LAWS—AFFIDAVIT MADE IN ANOTHER STATE.—An affidavit made to the correctness of a claim for a mechanic's lien is valid here, when made in another State and valid under that law.

3. AFFIDAVITS—VALIDITY—PRESUMPTION.—The fact that the name signed to the certificate of an affidavit appears to be that of a woman, is not conclusive that the officer was of that sex.

4. ACCOUNT—APPLICATION OF PAYMENTS.—The rule as to the application of payments on an account to the earlier items is not inflexible, and will not be enforced when contrary to the intention of the parties.

5. MECHANIC'S LIENS—RIGHTS OF LIEN HOLDERS.—Where it does not appear from the evidence that money paid out by the principal contractor was for labor and material, the rule as to the rights of lien holders under a subcontract where the principal contractor has abandoned his job, to the effect that the balance due the principal contractor, after deducting the cost of completing the contract is to be *prorated* among the lien holders, does not apply.

6. APPEAL AND ERROR—DUTY OF CROSS-APPELLANT TO ABSTRACT RECORD.—A cross-appellant must abstract that part of the record relating to the contentions he makes.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau,* Chancellor; affirmed.

*David D. Terry,* for appellants.

1. The lien claim was not a just and true account under our lien statute. Kirby's Digest, § 4981; 103 S. W. 518; 78 N. W. 344; 86 Mo. 277; 60 S. W. 64; 10 N. W. 338; 11 S. W. 225; 8 Mo. App. 587; 80 Va. 573.

2. A sub-contractor should itemize his account for a lien. 2 Jones on Liens, (3d Ed.) § 1416; 59 W. Va. 370; 44 Pa. St. 47; 12 Phil. 458; 168 Pa. St. 634; 244 *Id.* 6; 48 N. E. 956; 87 Pa. St. 142; 180 *Id.* 168; 57 Ark. 284; 72 Me. 106; 117 Ark. 626.

3. No notice of intention to claim lien for labor was served. 2 Jones Liens (3 ed.), §§ 1419, 1412, 1323; 152 S. W. 119.

4. Only a lien for materials actually used under contract with principal contractor can be asserted. 51 Ark. 309.

(5) A partnership is not entitled to a lien for labor performed by its employees. Kirby's Digest § 4970; 65 Ark. 183; 80 *Id.* 516; 71 *Id.* 338.

(6) The lien claim was defective because it did not contain requisite averments. Kirby's Digest § 4976, 4981; Rockel on Liens, § 100; 57 Atl. 957; 47 La. Ann. 533; 30 Mo. App. 595; 59 N. W. 110; 39 Pa. Rep. 509; 32 Oh. C. C. 16.

(7) The sub-contractor was only entitled to his *pro rata* of amount due to principal contractor. 77 Ark. 156; 107 *Id.* 245.

(8) The claim was not properly verified. It was before a Notary Public of a foreign State who was a woman. 2 Jones Liens (3d Ed.) § 1481; 73 Ala. 390; 42 Ark. 103; 107 *Id.* 272; Kirby & C. Dig. §§ 3465, 7160.

(9) The partners were not made parties plaintiff. 67 Ark. 27; 91 *Id.* 10; 93 *Id.* 447; 114 *Id.* 464.

*Cockrill & Armistead,* for appellees.

1. The account filed complied with the statute. Kirby's Dig. § 4981; 30 Ark. 568; 49 *Id.* 478; 51 *Id.* 309; 51 *Id.* 302; 54 *Id.* 93; 56 *Id.* 544; 57 *Id.* 284; 83 Me. 22, Atl. 388; 97 Mo. 365; 27 Cyc. 188.

(2) It was a just and true account and was for materials actually furnished and used and all proper credits were given.

(3) The claim should not be *pro rated*. 85 Ark. 410; 122 *Id.* 522.

(4) The claim was properly verified. Kirby's Dig. §§ 3465, 4981; 7 L. R. A. 149; 44 N. W. 308; 47 S. E. 965. There is no proof that the Notary was a woman.

(5) There is no defect of parties. The partners' names appear in full.

(6)   On the cross-appeal the two items should have been allowed.

McCULLOCH, C.J. Appellants are the owners of two adjoining lots with a frontage of 100 feet on Main Street in the City of Little Rock, and in the year 1912 they let a contract to the Shenk Construction Company (an Oklahoma corporation) for the construction of a building to be occupied as a department store. The contractor proceeded with the work of constructing the building, but abandoned the building before the work was completed, and appellants had to complete the building themselves. Said principal contractor while engaged in carrying out the contract purchased material from appellees, who were manufacturers of structural and ornamental iron work in the State of Oklahoma. Appellees furnished certain materials which were used in the building by the principal contractor, and this is an action instituted by them against appellants to enforce the lien on the building and lot for the amount of the unpaid account. There are two gross items in the account which, according to the testimony adduced by appellants, represent separate contracts made by them with the principal contractor for iron work used in the building. At the time the principal contractor abandoned the job one of the contracts between the present claimant and the principal contractor had not been completed, but was subsequently completed under a contract between appellants as owners and appellees. The work of completing the contract was paid for by appellants and a credit of $285.00 was given on the account. Appellants defended against the asserted lien on numerous grounds.

(1)  In the first place it is contended that there is no lien because an itemized account was not filed, it being contended on behalf of appellants that the statute requires an itemized sworn account, and that the failure to itemize the account defeats the lien. The statute provides that in order to make the lien effectual the lienor must "file with the clerk of the circuit court of the county in which the

building, erection or other improvement to be charged with the lien is situated, and within ninety days after the things aforesaid shall have been furnished or the work or labor done or performed, a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit." Kirby's Digest, sec. 4981.

Conceding that the words "just and true account" mean, as ordinarily construed, an itemized account, (*Brooks* v. *International Shoe Co.,* 132 Ark. 386) this court has decided that failure to itemize the account does not defeat the lien. *Wood* v. *King,* 57 Ark. 284. In reaching that conclusion the court followed the rule which had been repeatedly announced here that the lien of a mechanic or material furnisher "springs out of the appropriation and use by the land owner of the mechanic's labor or the furnisher's materials, and not from the taking of those formal steps which the statute enjoins for the preservation and assertion of the lien and for giving notice to others of its existence and extent;" that the statute is highly remedial in its nature and that "when the controversy is between the holder of the lien and the proprietor of the land, an exact compliance with the statute at all points is not indispensable." *Anderson* v. *Seamans,* 49 Ark. 475.

It is argued that the decision in *Wood* v. *King, supra,* relates to a controversy between a material furnisher under contract with the owner himself, and that the statute ought not to be given that effect in a controversy between a sub-contractor and the owner. The answer to that contention is that there is only one statute on the subject which applies to liens asserted by sub-contractors, as well as those asserted by principal contractors, and that the statute must be given the same interpretation in both cases. In fact, we see no reason why the rule should be different in the two classes of cases, for, after all, the design of the law-makers was to provide a method for giving public notice of an assertion of the lien and the extent thereof. That design is fully carried out by giving the

statute such an effect as will require a notice which will apprise the public of the extent of the claim. Of course, when it comes to an enforcement of the claim by a suit in court, then for purposes of defense the owner may insist upon the presentation of an itemized claim. *Brooks* v. *International Shoe Co., supra.* But in testing the sufficiency of the account so far as concerns the preservation of the lien, we hold that it is not essential that the account filed be an itemized one.

(2-3)    The affidavit to the claim was made before and was certified by a notary public in the State of Oklahoma, and it is contended that the affidavit was void because it appears on its face that the notary is a woman. No evidence was adduced to prove the sex of the notary public, but it is assumed that the officer was a woman because the name appeared to be one ordinarily used as a woman's name. Statutes of this State provide that an affidavit may be made out of the State before a notary public. Kirby's Digest, sec. 3153. The fact that the name signed to the certificate appeared to be that of a woman is not by any means conclusive that the officer was of that sex. However, the Constitution of Oklahoma (Schedule, Sec. 6) expressly provides that women may hold the office of notary public, and it is our duty in giving full faith and credit to the laws of our sister State to recognize the validity of a provision in the organic law prescribing the qualifications for public office.

(4)    One of the members of appellee's firm testified in the case, and appellant insisted upon the production of the whole of appellee's account from their books against the principal contractor, which embraced many items not involved in this controversy. It appears from the testimony that the lessee of appellant's who was to occupy the building made certain additions to the building under contract with the Shenk Construction Company and that purchases were made by the contractors from appellees in carrying out that contract. No lien, however, was asserted for those items. The account exhibited by appellees pursuant to the request of appellants showed a run-

ning account with credits on it and appellants insist that those credits should be applied to the earlier items according to the ordinary rule of application of payments on a running account, and that when so applied they extinguish a portion of the claim which appellees now assert. There is an explanation, however, given in the testimony of the witness to the effect that all of the contract with Shenk Construction Company had not been completed by appellees in furnishing materials when the job was abandoned by the contractors, and that the items of credit were entered on the books at the time the payments were made, all of which tended to show that the credits were not intended to be applied on the earlier items as shown on the account. The rule as to application of payments on an account to the earlier items is not an inflexible one to be enforced when contrary to the intention of the parties. We do not think that appellants have shown that they are entitled to credit of those payments on the items for which the lien is now asserted. The burden was on them to prove payment.

(5) Appellants invoke the rule laid down by this court in the construction of our lien statute with reference to the rights of lien-holders under a sub-contract where the principal contractor has abandoned the job, as in this case, to the effect that the balance due the principal contractor after deducting the cost of completing the contract is to be *pro rated* among the lien-holders. *Long* v. *Charles T. Abeles & Co.,* 77 Ark. 156; *Marianna Hotel Co.* v. *Livermore Foundry & Machine Co.,* 107 Ark. 245. The proof does not, however, bring this case within that rule, as it does not appear from the evidence that the sums paid by the contractor were for labor and material.

There is also a contention that the court allowed appellees a lien for items of material not furnished for use under the contract between appellant and the principal contractor, but were used under the contract between the principal contractor and the lessee of the building. The proof does not sustain appellant's contention on that point as we understand it. The court only allowed for items

which were used by the principal contractor in carrying out its contract with appellant.

The account taken from the books of appellees contained items for labor, but the labor formed a part of the price of putting in the iron work as a completed job, and appellees were entitled to a lien, not as for labor, but as for the price of material furnished in the place to be used.

We think the conclusions reached by the chancellor on all of the propositions raised by appellant were correct.

There is a cross-appeal by appellees as to two items disallowed by the court, or rather for two credits placed by the court on the account of appellees. It appears that on one of the jobs which was incomplete at the time the principal contractor abandoned the work, the cost of completion would have been the sum of $387.00, and instead of completing the job under the old contract appellees made a new contract with appellant to finish up the work for $285.00. That sum was paid in cash and was credited on the original account of appellees against the principal contractor, but the court held that there should have been a credit on the original contract price to the extent of the value of the item, which was $387.00. The court, therefore, allowed an additional credit of $102.00, which seems to us to be correct.

The other item of credit allowed by the court was the sum of $175.00, which the proof showed was an item furnished under the contract with the lessee and erroneously charged up under the contract between the principal contractor and appellants. The court merely corrected that error and required appellees to credit it back, or rather struck it out of the account.

(6) The duty devolves on appellees as cross-appellants to abstract the case sufficiently to show that the court was wrong in allowing those two credits, and we do not think that they have made satisfactory showing that the rulings of the court were incorrect.

Our conclusion is that the decree was correct in all respects, and it is affirmed both as to the original appeal and the cross-appeal.