### KULL *v.* DIERKS LUMBER & COAL COMPANY.

#### Opinion delivered April 4, 1927.

1. CORPORATIONS—REPRESENTATION BY OFFICERS.—A corporation can act only through its officers and agents, and therefore an affidavit by a corporate officer on its behalf is regarded as the act of the corporation itself.

2. MECHANICS' LIENS—AFFIDAVIT—COMPLIANCE WITH STATUTE.— Where, in a suit by a corporation to enforce a mechanics' lien, the statutory affidavit was filed by its manager without stating that he was manager, the affidavit will be treated as amended to conform to proof that he was such officer, if no objection was made to the form of the affidavit in the trial court, as substantial compliance with the statute is all that is required.

3. MECHANICS' LIENS — NOTICE. — Where materials are furnished under a direct contract with the owner of land, who is liable on an original undertaking, the notice required by the statute is not necessary.

4. MECHANICS' LIENS—EVIDENCE.—In a suit to enforce a mechanic's lien, evidence *held* to warrant a finding that the materials were furnished to the owner of the premises, and that a verified account was filed by the lienor within 90 days after the last item of materials was furnished.

Appeal from Sevier Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

STATEMENT OF FACTS.

This action was instituted in the chancery court by the Dierks Lumber & Coal Company against F. H. Kull to enforce a materialman's lien in the sum of $175.32 for material furnished and used in the construction of a boiler plant on the defendant's land.

J. F. Hinds was the manager of the Dierks Lumber & Coal Company at DeQueen, Arkansas, and represented it in the transaction involved in this case. According to his testimony, F. H. Kull and Dick Adams came to the company's place, of business at DeQueen and made arrangements to purchase certain material to be used in the construction of a boiler plant. Kull stated that he was the owner of the plant, and directed the material ordered to be delivered to a driver, who would be sent for it. The materials were furnished as directed, and the last item was purchased on March 5, 1924. The sales ticket on this purchase is as follows:

"Office Record.

Dierks Lumber & Coal Company.

Retail Yard.

DeQueen, Ark.,

March 5, 1924.

"Sell to E. Sperling & Son. Ordered by Knox. Del. by Knox.

"11 pcs. 8-ft. galv. iron, 312 ft. at $4.90............$15.28."

The Dierks Lumber & Coal Company filed with the clerk of the circuit court of Sevier County, in which the boiler plant was erected, a just and true account of the demand due, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit. The account was signed "Dierks Lumber & Coal Company, by J. F. Hinds," and was sworn to before a notary public and duly filed in the office of the circuit clerk of Sevier County on June 3, 1924.

John Seals, bookkeeper of the Dierks Lumber & Coal Company, was a witness for it, and corroborated in all respects the testimony of J. F. Hinds. The material was

delivered and the witness duly posted the materials purchased, as shown by the sales tickets on the books of the company.

Dick Adams and F. H. Kull were witnesses for the defendants. According to their testimony, the defendant, Kull, did not have anything to do with purchasing the material in question. They admitted that he was present at the time the arrangement was made for the purchase of the material, but stated that he had nothing to do with the transaction. They admitted that the material was used in the replacement of a boiler plant on the land of the defendant, Kull, but said that the material was ordered and used by the lessee of the defendant in the construction and replacement of a boiler plant, which had become worn out by use by the lessee during the term of his lease.

Other facts will be stated or referred to in the opinion.

The chancellor found the issues in favor of the plaintiff, and a decree was entered of record, providing for the foreclosure of the plaintiff's lien as materialman for the materials furnished. The case is here on appeal.

*June R. Morrell,* for appellant.

*Abe Collins* and *Lake, Lake & Carlton,* for appellee.

HART, C. J., (after stating the facts). The first ground upon which it is sought to reverse the decree is that the account was verified by the affidavit of J. F. Hinds, and that it does not appear that he had authority to make the affidavit. The record shows that the account was signed "Dierks Lumber & Coal Company, by J. F. Hinds." Now, the manager of the corporation had charge of its business at DeQueen and represented it in the particular transaction under consideration. In the eye of the law a corporation can only act through its officers or agents, and therefore an affidavit by a corporate officer is regarded as the act of the corporation itself. In such a case the officer is exercising the corporate powers of the corporation in the only way in which they can be exercised at all. *Wales-Riggs Planta-*

*tions* v. *Caston*, 105 Ark. 641, 152 S. W. 282, and *American Soda Fountain Co.* v. *Stolzenbach,* 75 N. J. Law 721, 68 Atl. 1078, 16 L. R. A. (N. S.) 703, and case-note, 127 Am. St. Rep. 822.

But it is insisted that the affidavit does not show that J. F. Hinds was the manager of the Dierks Lumber & Coal Company. It is true that the affidavit itself does not show that fact, but the deposition of J. F. Hinds was taken by the plaintiff, and this deposition shows that he was not only the manager of the plant of the plaintiff at DeQueen but that he represented it in the sale of the materials to the defendant. This court has held that an affidavit for attachment may be amended. The court said that swearing the affiant was the essential fact; and that, if this were done and the officer administering the oath neglected to attest the fact, this would not render the affidavit a nullity, but that the defect might be cured by amendment. *Fortenheim* v. *Claflin, Allen & Co.,* 47 Ark. 49, 14 S. W. 462. It would be putting form ahead of substance to hold that the affidavit should not be treated as amended to conform to the facts when J. F. Hinds was put upon the stand and testified that he was the manager of the corporation and had authority to act and did act for it in the transaction under consideration; and this is especially true when we consider that no objection was made by the defendant to the form of the affidavit in the chancery court. A substantial compliance with the statute is all that is required, and this was done when the manager of the corporation actually made the affidavit to the account in compliance with the terms of the statute. Rockel on Mechanics' Liens, § 119, page 318.

The next ground on which it is sought to reverse the decree is that the ten days' notice required by the statute was not given. This court has held that, where the material was furnished under a direct contract with the owner, who is liable as on an original undertaking, the notice required by the statute is not necessary. *Leifer Mfg. Co.* v. *Gross,* 93 Ark. 277, 124 S. W. 1039, and *Hess* v. *A. L. Ferguson Lbr. Co.,* 155 Ark. 240, 244 S. W. 5. The

chancellor found that the materials were furnished to the owner, and we do not think that his finding in this behalf can be said to be against the clear preponderance of the evidence. It is true that the defendants, Kull and Adams, both testified that the material was not purchased by Kull himself, but they both admit that he was present when arrangements were made for the material to be furnished, and that he was asked to go to the place of business of the plaintiff for that purpose.    The manager of the plaintiff and its bookkeeper both testified that Kull purchased the material in question, and told the manager of the plant that he was the owner of the boiler plant to be erected with the material.   There would seem to have been no use for the defendant to have gone with his lessee to be present when the arrangement was made for the purchase of the material if he had no interest.

Another ground for reversal of the decree is that the account was not filed within ninety days after the last item of the material was furnished.   On this point we have again a direct conflict in the evidence.   Kull and Adams testified that the last item was furnished more than ninety days before the verified account was filed.   On the other hand, the plaintiff introduced in evidence the sales tickets, and the one in question shows that the item was furnished on the 5th day of March, 1924, and the verified account was filed on the 3rd day of June, 1924.   The oral evidence for the plaintiff showed this to be true.   The chancellor also found this issue for the plaintiff, and we think correctly so.

The result of our views is that the decree of the chancellor was correct, and should be affirmed.