GEORGIA STATE SAVINGS ASSOCIATION *v.* MARRS.

Opinion delivered October 15, 1928.

*Collins & Collins,* for appellant.

*Lake, Lake & Carlton,* for appellee.

SMITH, J. Suit was brought by W. T. Marrs to enforce a materialman's and laborer's lien upon several properties owned by Hettie A. Brown and her son, Robert A. Brown. The Georgia State Savings Association and the Arkansas Building & Loan Association were made parties, it being alleged that these associations had mortgages which were junior to plaintiff's lien. The Hayes-McKean Hardware Company, a partnership, intervened, and prayed that its materialman's lien be held superior to that of a mortgage to the building and loan association on the same property upon which interveners claimed a lien. There were other parties whose interests were adjudicated, but who have not appealed.

The savings association and the building and loan associations filed separate answers to the complaint of Marrs and a cross-complaint against Mrs. Brown and her son, in which it was prayed that their mortgages be foreclosed. There was a decree in favor of the lien claimants, from which is this appeal. .

For the reversal of this decree it is first insisted that there was no proper affidavit, as required by § 6922, C. & M. Digest, in that the affidavit was signed "Mrs. R. B. Amos, for W. T. Marrs."

The testimony developed the fact that Mrs. Amos was Marrs' bookkeeper, and we think her affidavit was sufficient to meet the requirement of the law in this respect. The applicable statute (§ 6922, C. & M. Digest) requires the lien claimant to file "a just and true account of the demand due or owing to him," and that it be

"verified by affidavit." But it is not required that the affidavit be made by the claimant himself. It is a sufficient compliance with the law if the affidavit is made and filed.

In the case of *Terry* v. *Klein,* 133 Ark. 366, 201 S. W. 801, the court, in holding that § 6922, C. & M. Digest, did not require that an itemized account be filed, said: "* * * for, after all, the design of the lawmakers was to provide a method for giving public notice of an assertion of the lien and the extent thereof. That design is fully carried out by giving the statute such an effect as will require a notice which will apprise the public of the extent of the claim."

The claim of lien made by the interveners, Hayes-McKean Hardware Company, was sworn to before Bob Canton, who attached his seal as a notary public as a part of the jurat, but did not affix the words, "notary public," after his name, and did not give the venue of the affidavit by reciting where it was taken.

We think the case of *Railway Co.* v. *Deane,* 60 Ark. 524, 31 S. W. 42, is decisive of this question. It was there held (to quote the syllabus): "Where, to an affidavit for appeal from a justice's court otherwise sufficient, but expressing no venue, there is attached a proper jurat showing that the oath was administered to the affiant by a notary public, it will be presumed that the notary acted within his jurisdiction."

In the case of *Kull* v. *Dierks Lbr. & Coal Co.,* 173 Ark. 445, 292 S. W. 695, it was said: "This court has held that an affidavit for attachment may be amended. The court said that swearing the affiant was the essential fact, and that if this were done and the officer administering the oath neglected to attest the fact, this would not render the affidavit a nullity, but that the defect might be cured by amendment. *Fortenheim* v. *Claflin, Allen & Co.,* 47 Ark. 49, 14 S. W. 462."

The seal of the notary public recites that he was a "notary public, Sevier County, Arkansas," and there was nothing in the testimony to overcome the presumption

that the notary acted within his jurisdiction. Section 7970A, C. & M. Digest.

Appellee Marrs claimed liens against a building referred to by the witnesses as the apartment building, and another referred to as the duplex building, and brought separate proceedings to enforce liens against each of them.

It is earnestly insisted that proceedings to enforce these liens were not brought within the ninety days as required by § 6922, C. & M. Digest.

The affidavits were filed against each property on February 16, 1927, and alleged that the work was completed in each instance on November 18, 1926, so that the claims for the lien were filed exactly ninety days after the work was alleged to have been completed.

Section 6922, C. & M. Digest, has been several times construed as requiring the verified account to be filed with the clerk of the circuit court within ninety days from the date of the last item furnished, and the testimony supports the finding of the court that Marrs' claims were filed within that time. *Ferguson Lbr. Co.* v. *Scriber,* 162 Ark. 349, 258 S. W. 383, and cases there cited.

The most important and difficult question in the case is that of the priority of the liens of the materialmen over the mortgage liens of the savings association, as decreed by the court.

The testimony shows that Brown made application to the savings association for a loan on the apartment on August 17, 1926, and that a mortgage securing the loan, which was executed on September 25, 1926, was filed for record September 29, 1926. The account filed by Marrs, under § 6922, C. & M. Digest, alleged that the first work was done on September 30, 1926, and that the amount due was $972. During the trial the court permitted Marrs, over the objection and exception of the savings association, to offer testimony to the effect that the work was begun on September 16.

In the case of *Shaw* v. *Rackensack Apartment Corporation,* 174 Ark. 492, 295 S. W. 966, it was held (to quote two syllabi) :

"3. Under Crawford & Moses' Digest, § 6909, a mortgage for the purpose of raising money to erect an apartment building, which was given prior to commencement of work by a lien claimant, *held* superior to the lien for material and labor furnished, notwithstanding that some of the loan for which the mortgage was given was for clearing the title. 4. Under Crawford & Moses' Digest, § 6911, where work was commenced by a plumbing contractor prior to the time other liens and mortgages attached to the property, his lien was entitled to priority, regardless of how little he might have done before the other liens attached."

Upon the authority of this case we would be constrained to hold that the lien of the mortgage filed for record September 29, 1926, was superior to the account of a materialman or laborer which began on September 30, 1926, but the court below found, from testimony which we think sustains his finding, that Marrs began his work by putting in the sewer and pipe prior to the filing of the mortgage, and the ledger account kept by Marrs shows that the first material was furnished and the account opened September 16, which was prior to the filing of the mortgage for record.

It is earnestly insisted that Marrs should not be allowed thus to contradict the recital of his account filed under § 6922, C. & M. Digest, which recites that the account began September 30.

It does not appear that the savings association was misled by the statement in the affidavit that the account opened September 30, for the testimony shows that the savings association actually paid over the money secured by its mortgage on October 20, 1926. Marrs' account had not then been filed with the clerk, and was not filed until February 16 thereafter, so that the recital as to the date of the opening of the account did not affect the savings association's conduct. There is therefore no element of estoppel in the case, as the savings association had taken its mortgage and paid over the money secured by it before Marrs had completed his work and had ceased to

furnish material under his contract, and the statute gave him ninety days from that time in which to file his claim, under § 6922, C. & M. Digest.

Did the court err in permitting Marrs to show his account was opened September 16?

As we have already said, it was held in the case of *Terry* v. *Klein, supra,* that the statute did not require the lien claimant to itemize his account, and the only requirement of the statute in regard to time is that the account be filed with the circuit clerk within ninety days of the date the account closed. We conclude therefore that no error was committed in permitting Marrs to show that he did work and furnished material at a date prior to the filing of the savings association's mortgage for record.

It is finally insisted that the affidavit of the interveners, Hayes-McKean Hardware Company, is too indefinite as to the description of the property sought to be charged with the lien. The description was as follows: "Southwest corner lot 50 feet x 140 feet facing 50 feet on Haes Street, all in block 10, Braley's Addition to the town of DeQueen, Arkansas."

It appears, from the description employed, that the lot is the southwest corner of block 10 of Braley's Addition to the town of DeQueen; that it is 50 feet by 140 feet in area, and that its 50-foot side faces Haes Street. We think the property sought to be charged could be identified from this description.

In the case of *Barnett Bros.* v. *Wright,* 116 Ark. 44, 172 S. W. 253, we quoted with approval from Phillips on Mechanics' Liens (3 ed., § 379) the following statement of the law:

"Among those laid down, and probably the best rule to be adopted, is that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts

generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises, so that, by applying it to the land, it can be found and identified. A description that identifies is sufficient, though inaccurate. If the description identifies the property by reference to facts, that is, if it points clearly to a piece of property, and there is only one that will answer the description, it is sufficient.''

See also *Arkmo Lbr. Co.* v. *Cantrell,* 159 Ark. 445, 252 S. W. 901; *Ferguson Lbr. Co.* v. *Scriber,* 162 Ark. 349, 258 S. W. 353.

The court below held that the liens of the materialmen were superior to the lien of the mortgage, and, as we concur in that view, the decree is therefore affirmed.