Ashby *v.* Shoptaw.

4-4255

Opinion delivered April 6, 1936.

*J. H. Lookadoo* and *Lyle Brown,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in a magistrate's court in Jefferson County on a note of date April 16, 1931, payable October 1st of the same year, for $70 and interest, executed by appellee to R. H. Greene as surviving partner of the firm of R. H. Greene & John B. Meadows, and for the possession of certain personal property pledged for the payment of same by deed of trust of even date with the note. In December of that year, appellee paid $7.50 on the note and gave a new deed of trust with additional security to secure the payment thereof in the fall of 1932. When this second deed of trust became due, he gave another deed of trust in January, 1933, with additional security to secure the payment thereof in the fall of 1933. In the summer of that year, R. H. Greene, the surviving partner of the firm of Greene & Meadows, died, and appellant herein, R. S. Ashby, was appointed executor in succession to Greene. The note sued upon was assigned by the estate of Meadows to the estate of Greene. The pleadings, in addition to the note, filed before the magistrate consisted of an affidavit and a bond by the executor of the estate of R. H. Greene, deceased. The order for the delivery of the property described in the deed of trust and a summons was issued out of the magistrate's court on April 1, 1935, and made returnable on May 6, 1935. At that time, a judgment was rendered by the magistrate for the return of the property and for $75.21 in favor of appellee on his counterclaim, from which an appeal was prayed to the circuit court of said county. An affidavit for appeal was filed and sworn to, but the officer omitted to attach his jurat. The circuit court permitted appellant to amend the affidavit by attaching a jurat on the morning of the trial, over the objection and exception of appellee. After the note and

mortgage had been introduced by appellant, the appellee sought to introduce oral evidence, and was permitted to do so over the objection and exception of appellant, to show that at the time appellee executed the note and first mortgage, he did it with the understanding that it should not be binding upon him until there should be a settlement of accounts between him and the firm of Greene & Meadows, which accounts grew out of transactions between him and the firm since 1926, and that no settlement was ever made pursuant to the oral agreement, and that, according to an adjustment of the account, appellant was indebted to him in the sum of $2.77. At the conclusion of the testimony, appellant requested the court to instruct a verdict for him in the amount due upon the note, amounting to $93.29, which the court refused to do, over appellant's objection and exception. The court then overruled appellee's motion to dismiss the appeal from the magistrate's court because no jurat was attached to the affidavit for appellant, over his objection and exception, and submitted the issues to the jury of whether the note was to become binding upon appellee until there was a settlement of accounts between him and the firm of Greene & Meadows, and if such an agreement was made, whether appellee ratified the note by making a payment on it, and the execution of later chattel mortgages to secure same, and instructing them to find for appellee the sum that might be due him, if any, on a settlement of accounts in case they should find the note was not to be binding until such settlement was completed, if they should find that appellee had not waived the settlement by making a payment on the note and executing the subsequent chattel mortgages. The jury returned a verdict for appellee, and, from the verdict and consequent judgment rendered thereon, the cause is here on appeal and cross-appeal.

The sufficiency of the affidavit for appellant from the magistrate's to the circuit court is the first question arising for determination by this court. The affidavit was signed and sworn to, the only defect being the omission of the jurat by the notary public who administered the oath to the affiant. This court said in the

case of *Coleman* v. *Frauenthal & Co.*, 46 Ark. 302: "When the objection was made in the circuit court, the party prosecuting the appeal from the justice of the peace offered and was allowed to swear to the statements of the affidavit before another officer. There is no doubt of the power of the circuit court to permit an amendment of an informal affidavit for appeal. *Young* v. *King*, 33 Ark. 745. We have held that the omission from the jurat of the signature of the officer was a curable defect (*Guy, McClelland & Co.* v. *Walker*, 35 Ark. 212), and we think the court, in permitting the amendment now complained of, acted within the principle of that case, and in furtherance of the plain purpose of the liberal provision of the statute as to amendments."

This rule has been approved and followed in the following cases: *Railway Company* v. *Deane*, 60 Ark. 524, 31 S. W. 42; *Kull* v. *Dierks Lbr. & Coal Co.*, 173 Ark. 445, 292 S. W. 695; *Georgia State Savings Association* v. *Marrs*, 178 Ark. 18, 9 S. W. (2d) 785.

The instant case comes within the rule announced in the cases cited and is governed by them.

The next and controlling question arising on this appeal is whether appellee estopped himself from pleading at this late date a condition precedent to the binding effect of the note. We are of opinion that by making a payment on the note and executing new chattel mortgages in 1932 and 1933 to secure the note, appellee clearly estopped himself from denying the obligation in 1935 when collection was attempted. Recognition of the validity of the note by a payment thereon, and the execution of two renewal mortgages containing additional property to secure the note is diametrically opposed to the position assumed by him when pressed for collection. One cannot blow hot and cold. Appellee was bound by his continued conduct recognizing the validity of the note, and cannot be heard to say it had no binding effect.

The trial court should have instructed a verdict for appellant for the amount due on the note, and the judgment is reversed with instructions to render a judgment in favor of appellant thereon.