L. O. UMSTED AUTO COMPANY v. EDWARDS.

Opinion delivered June 4, 1923.

1. LIENS—REPAIR OF AUTOMOBILES—PLACE OF DEBTOR'S RESIDENCE.—
   Crawford & Moses' Dig., § 6871, providing, *inter alia*, that one
   who does work repairing an, automobile and who has parted with
   possession thereof may avail himself of the lien provided by §
   6866 by filing his account with the circuit clerk of the county in
   which the debtor resides within 90 days, contemplates that the
   lien shall be filed in the county of the debtor's home, not in a
   county where he happens to be sojourning.

2. LIENS—REPAIR OF AUTOMOBILES—CONSTRUCTION OF STATUTE.—The
   lien provided by Crawford & Moses' Dig., §§ 6866-6874, cannot
   be preserved without a strict compliance therewith.

Appeal from Jackson Chancery Court; *Lyman F. Reeder*, Chancellor; affirmed.

*Gustave Jones*, for appellant.

The question resolves itself into a determination of the county of the residence of the debtor against whose property the lien was attempted to be fixed within the meaning of § 6878, C. & M. Digest. Intention largely controls in determination of the fact of residence. Decree is not supported by the testimony. 102 Ark. 518; 145 Ark. 585; 63 Ark. 543; 24 Ark. 155. Residence and domicile not the same, as trial court erroneously held. 43 Ark. 547; (1917) L. R. A. 785; note § 6866, C. & M. Digest

*Samuel C. Knight*, for appellee.

Appeal should be dismissed for noncompliance with rule 9. The attachment of appellee was properly sustained. Holderby was a nonresident of the State. C. & M. Digest, § 494, 502; 105 Ark. 5. Can a mechanic's lien be enforced against a nonresident debtor, and does it, under §§ 6871 and 6874, C. & M. Digest, have precedence over the lien of an attaching creditor? 49 Ark. 83 in point herein. Appellant seeks to enforce lien under § 687, C. & M. Digest, which must be done in county in which debtor resides. 71 Ark. 505; 27 Cyc. 132. Appellee's judgment not subject to collateral attack.

Humphreys, J. Appellant instituted suit against George Holderby in the chancery court of Jackson County to enforce a mechanic's lien for repairing a certain automobile. George Holderby had left the State, and service was obtained upon him by warning order.

Appellee, J. G. Edwards, filed an intervention claiming a paramount lien to that of appellant on said automobile, under an attachment proceeding.

A statement of facts relative to the institution of the suits and filing the lien was agreed upon, and is as follows:

"It is agreed that J. G. Edwards, the intervener, filed his suit against the defendant, George Holderby, in the Jackson Circuit Court, on May 14, 1921, for debt by contract, and, ancillary to said action, he filed on the same date his affidavit for general attachment, and the same was issued out of said court on said May 14, 1921, and the writ of attachment was levied on the Chandler car (the property in controversy between these parties), together with other property in Jackson County, Arkansas, on the same date. That the plaintiff, L. O. Umsted Auto Co,. on May 18, 1921, filed its itemized statement of account with the circuit clerk of Jackson County, claiming his mechanic's lien on the car referred to, and on June 24, 1921, brought this suit to enforce said lien, that, upon filing of this suit to enforce such lien against said defendant, George Holderby, the plaintiff filed its affidavit for a warning order against said defendant on June 24, 1921, which was issued on said date, and duly published as required by law for constructive service. That, in point of time, the suit of the intervener in the circuit court of Jackson County and his attachment therein ancillary thereto was four days before the filing of the account of the plaintiff with the circuit clerk of Jackson County, and about forty days before the filing of this suit. That the plaintiff, L. O. Umsted Auto Co., after having performed the labor and furnished the materials for the repair of said automobile, had voluntarily parted

with the possession of the chattel, delivering it to the owner (then owner, George Holderby, the defendant herein)."

The cause was submitted upon the agreed statement of facts set out above and testimony adduced tending to show where George Holderby resided, which resulted in a finding by the court that Holderby was not a resident of Newport, Jackson County, within the meaning of 6871 of Crawford & Moses' Digest, at the time of filing the account for repairs with the circuit clerk of said county, and a decree dismissing the bill of appellant for want of equity, from which is this appeal.

Section 6871 of Crawford & Moses' Digest is as follows: "If the lien-holder has voluntarily parted with possession of any such property upon which he has a lien under the provisions of this act, he may still avail himself of such lien, within ninety days after such work or labor is done or performed, or materials furnished, by filing with the clerk of the circuit court of the county in which the debtor resides a just and true itemized account for the demand due, after allowing all credits, and containing a description of the property to be charged with said lien, verified by the affidavit of the lien-holder; provided, that the time set out herein for filing liens shall apply only to motor-propelled vehicles, and shall not affect the time for filing such liens in other cases as now provided by law." The record reflects, according to the weight of the evidence, that George Holderby owned a home at Newark where he and his family resided; that he made Newport his headquarters for business purposes, and spent most of his time there, renting a room by the month for occupancy in one or the other of two hotels in Newport; that he called Newark his home, and, when going to see his family, always spoke of going home; that he paid his poll-tax in Independence County, and voted at Newark; that he did not abandon or separate himself from his family, but, on the contrary, contributed toward their support.

The best test of one's residence is the place of abode of his family, especially where he spends any part of his time with them. It would be an anomaly in the law to say one resided elsewhere than in the home of his family, simply because his business detained him most of the time in another locality. The place where the debtor resides, as used in section 6871, *supra,* means his home, not some place where he happens to be sojourning. Under this construction of the statute, appellant preserved no lien for repairs made upon said automobile by filing its account in the office of the circuit clerk of Jackson County. Prior to leaving Arkansas, George Holderby, its debtor, was not a resident of, but merely a sojourner in, Jackson County. In cases like this, where the lienholder parts with the possession of the chattel repaired, the only way to preserve the lien is to file an itemized account in the county where the debtor resides. The lien cannot be preserved without a strict compliance with the statute creating the lien. Cyc. vol. 27, p. 132; *Doke* v. *Benton County Lumber Co.,* 114 Ark. 1; *Daily* v. *Arkadelphia Milling Co.,* 126 Ark. 405. Had appellant retained possession of the automobile, or, after parting with the possession thereof, had it filed its account within the time and at the place fixed by the statute, the lien thus preserved would have taken precedence over an attachment lien and judgment acquired before the account was filed. Having failed to retain possession of the automobile, or to preserve its lien by filing its account for repairs thereon at the proper place, it had no lien, and was in no position to contest priority of liens with appellee. It was conceded that George Holderby was a non-resident of the State at the time the attachment proceedings were instituted, and that he was the owner of an automobile in Jackson County. An attachment proceeding may be prosecuted in any county where the property of the non-resident may be found. Section 502,

Crawford & Moses' Digest. The attachment proceeding was in accordance with the statute, and the judgment obtained therein was impervious to collateral attack.

No error appearing, the judgment is affirmed.