Representative Ron Fuller State Representative 18 Corporate Hill Drive, Suite 201 Little Rock, AR 72205
Dear Representative Fuller:
This is in response to your request for an opinion on the following questions:
 1. Does a repairman have any self-help rights under the statutes to repossess an automobile once it has been released to the owner without payment of his bill or check is tendered in payment of the bill that is either stopped or is insufficient for lack of funds?
 2. If self-help remedies are available in any manner whatsoever under the statutes, does this automatically reinstate the mechanic's lien, as Judge Digby previously ruled?
It is my opinion that the answer to your first question is "no". Self-help rights are not accorded to repairmen under Arkansas statutes. The statutes afford only secured creditors those rights, (see A.C.A. 4-9-503), and that chapter does not apply to statutory mechanic's liens. A.C.A. 4-9-104(c).
Because the answer to your first question is "no", resolution of your second question, (whether the mechanic's lien is "reinstated"), becomes unnecessary. It should be noted, however, that the repairman described in your question is not remediless. He may still avail himself of the mechanic's lien even if he has voluntarily given up possession of the automobile. This provision is found at A.C.A. 18-45-206, and provides as follows:
 (a) If the lienholder has voluntarily parted with possession of any property upon which he has a lien under the provisions of this subchapter, he may still avail himself of the lien within one hundred twenty (120) days after the work or labor is done or performed, or materials furnished. This may be done by filing with the clerk of the circuit court of the county in which the debtor resides, or if the debtor is a nonresident of this state, then with the clerk of the circuit court of the county in which the property is located at the time of the filing, a just and true itemized account for the demand due, after allowing all credits, containing a description of the property to be charged with the lien and verified by the affidavit of the lienholder.[1]
 (b) The time set out in this section for filing liens shall apply only to motor-propelled vehicles and shall not affect the time for filing liens in other cases as now provided by law.
 (c) The clerk of the circuit court shall file the account and make an abstract of it in the book of minutes of mortgages and deeds of trust of personal property, for which he shall charge a fee of twenty-five (25¢), to be paid by the person filing the account.
As can be seen from the statute, the repairman still has one hundred and twenty days from the date the work is completed to file the mechanic's lien, irrespective of whether or not he retains possession of the automobile.[2] The lien may then be enforced as provided in A.C.A. 18-45-207, which provides in pertinent part:
 (b) If the lienholder has parted with possession of any property upon which he claims a lien under the provisions of 18-45-201, he may, at the time of institution of his suit, have a specific attachment of the property upon which he claims the lien by praying for it in his complaint and by providing bond in the manner and amount as otherwise provided by law for the attachment. The establishment of a valid lien at the hearing of the cause shall be grounds for sustaining the attachment.
It is therefore my opinion that although the repairman cannot legally resort to self-help, he may still avail himself of the mechanic's lien, even though he has relinquished possession.[3] He may also, of course, choose to simply sue on the debt owed or on the insufficient or stopped check.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Such filings must be itemized and the amounts set forth with particularity. Taylor v. Crouch, 219 Ark. 858., 245 S.W.2d 217
(1952).
[2] See also, L.O. Umstead Auto Co. v. Edwards, 159 Ark. 327,251 S.W.2d 878 (1923).
[3] It should be noted, however, that the lienholder you describe does not have the right to sell the automobile under A.C.A. 18-45-203, because that provision is operative only when possession is retained.