McCraw, Perkins & Webber Company v. Yates.

Opinion delivered October 31, 1927.

1. ACCOUNT—JURISDICTION OF EQUITY.—In an action by a cotton factor against a shipper for balance due on cotton sold, an itemized account containing items of credit and debit, and showing the balance due, was not so intricate and complicated as to state a cause of action within the jurisdiction of equity.

2. TRUSTS—NECESSITY OF ACCOUNTING.—Before equity will exercise jurisdiction over a trust for the purpose of compelling an accounting, it must appear from the complaint that an accounting is necessary to determine the amount due.

3. ACCOUNT—NECESSITY OF ACCOUNTING.—A complaint by a cotton factor for a balance due on account, involving items of credit and debit, and alleging that a *quasi*-fiduciary relation existed between the plaintiff and defendant, did not show any necessity for an accounting, so as to give equity jurisdiction.

4. TRIAL—DEMURRER TREATED AS MOTION TO TRANSFER.—Where a complaint in equity stated a good cause of action at law, the

court should have treated a demurrer to the complaint as a motion to transfer the cause to the circuit court, and should have transferred the cause.

Appeal from Sharp Chancery Court, Northern District; *Alvin S. Irby,* Chancellor; reversed.

*Horace Sloan,* for appellant.

HUMPHREYS, J. Appellant filed the following complaint against appellee, omitting caption and verification, in the chancery court of the Northern District of Sharp County:

"Comes the plaintiff, McGraw, Perkins & Webber Company, a corporation duly organized and existing under and by virtue of the laws of the State of Tennessee, and complaining of the defendant, Ben N. Yates, doing business as Ben N. Yates & Company, for its cause of action states: During the years shown on the attached statement marked Exhibit A is hereby made a part of this complaint. The defendant, Ben N. Yates, doing business as Ben N. Yates & Company in Williford, Arkansas. During said period of time plaintiff was engaged in doing business in Memphis, Tennessee, as a cotton factor. During said period of time said defendant has shipped to the plaintiff, as cotton factor, certain bales of cotton, also drew various drafts in writing on the plaintiff, which drafts were accepted and paid by the plaintiff, said drafts being advances made by the factor on account of the shipment of said bales of cotton by the defendant to the plaintiff. The account consists of various mutual items of debt and credit, involved the sale of numerous bales of cotton, and that the balance due thereon as of date July 20, 1923, is the sum of $1,271.65. An itemized account showing said drafts and bales of cotton shipped and charges by way of freight, storage, insurance and interest is attached to this complaint, marked Exhibit A and made a part thereof. Said account is complicated and intricate, and proof supporting the details of said account will be voluminous, intricate and too complicated other than in a court of equity. In addition a *quasi*-fiduciary relation existed between

the plaintiff as cotton factor and defendant as customer, and plaintiff is, for that reason, entitled to an accounting in equity. Plaintiff further states that repeated demands have been made on defendant to pay the balance due on the above account, but he has wholly refused to pay same or any part thereof. Wherefore plaintiff prays judgment against defendant for the said sum of $1,271.65, with interest thereon from July 20, 1923, until paid, together with judgment for costs and all other proper relief."

An itemized account was attached to the complaint showing a balance of $1,271.65.

Appellee filed a demurrer to the complaint upon the ground that it failed to state an equitable cause of action. The court sustained the demurrer, and dismissed appellant's complaint, from which is this appeal.

Appellant's first contention for a reversal of the decree is that the complaint states a good cause of action in equity for two reasons:

(1). Because the account is intricate and complicated. (2). The *quasi*-fiduciary relation existing between factor and principal. (Equity having jurisdiction of trusts and their enforcement).

(1). The account exhibited is itemized, containing items of credit and debit, and showing a balance due of $1,271.65. It is not very long, and we see nothing in it which can be characterized as intricate or complicated.

(2). It is true that courts of equity have jurisdiction over all trusts for the purpose of compelling an accounting, but, before exercising such jurisdiction, it must appear from the complaint that an accounting is necessary to determine the amount due. There is nothing in the complaint quoted above showing that such a necessity exists.

Appellant's last contention for a reversal of the decree is that the court erred in not treating the demurrer as a motion to transfer the cause to the law court. We think the complaint states a good cause of action at law, so the court should have treated the demurrer as a

motion to transfer the cause, and should have accordingly transferred same to the circuit court.

On account of the error in not doing so the decree dismissing appellant's complaint is reversed, and the cause is remanded, with instructions to transfer same to the circuit court.