| 71 | 577 |
|----|-----|
| j87 | 465 |
| 88 | 352 |

Opinion delivered October 31, 1903.

1. BILL OF EXCEPTIONS—CHANGES—STATEMENT OF BYSTANDERS.—While it is the better practice, where a judge corrects any portion of a proposed bill of exceptions, for him to certify that fact, still, if he fails to do so, such corrections may be shown by the statements of bystanders, as provided by § 5849, Sand. & H. Dig. (Page 581.)

2. SAME—ATTORNEY NOT BYSTANDER.—The attorney of appellant was not a "bystander," within Sand. & H. Dig., § 5849, and his affidavit is not admissible to show the truth of the bill of exceptions presented to the judge for signature; but such affidavit is competent to prove that appellant was not satisfied with the corrections made by the trial judge. (Page 582.)

3. SAME—TIME OF FILING AFFIDAVITS OF BYSTANDERS.—Affidavits maintaining the truth of exceptions contained in a proposed bill of exceptions and rejected by the trial judge, filed eleven days after the filing of such exceptions, were too late, under Sand. & H. Dig., § 5849. (Page 582.)

4. SAME—VALIDITY OF STATUTE—Sand. & H. Dig., § 5849, providing that exceptions may be proved by bystanders, is not unconstitutional as clothing them with judicial power. (Page 582.)

5. PLEADING—CONSTRUCTION.—An answer, in effect, that the two notes sued on were without consideration entitled defendant to show wrongful charges and omitted credits in plaintiff's account, which had been carried into the notes. (Page 583.)

6. ACCOUNT—WHEN DENIAL OF CORRECTNESS UNNECESSARY.—Sand. & H. Dig., § 2972, providing that in suits upon accounts the affidavit of the plaintiff that such account is just and correct shall be sufficient to establish the same unless the defendant shall under oath deny the correctness of same, does not apply where in an action on notes an account is offered in evidence to show consideration for the notes. (Page 585.)

Appeal from Arkansas Circuit Court.

JAMES S. THOMAS, Judge.

Reversed.

*H. Coleman,* for appellant.

Where a note is given to cover supplies and money to be furnished, a failure to furnish a part thereof is a partial failure of consideration. 49 Ark. 430; 62 Ala. 443; 87 Ala. 409; 13 S. W. 521; 3 Pin. (Wis.) 78; 23 How. 14; 64 Ark. 39; 1 Jones, Mortg., § 374. Between a maker and payee of a note, the consideration is open to inquiry. 1 Dan. Neg. Inst. § 174; Smith, Merc. Law, 338. And defendant may set up a partial or total failure of consideration. 1 Dan. Neg. Inst. §§ 201, 203. The account stated is in the nature of a new promise or undertaking. 2 Green. Ev. § 127. Any errors may be shown or corrected under the general issue. 8 M. & W. 140; 1 Wait, Actions & Def. 192; 11 Wheat, 237, 255; 1 Johns, 36; 107 U. S., 325. A settled account is only *prima facie* evidence of its correctness. 13 Ark. 609; 41 Ark. 502; 53 Ark. 155; 55 Ark. 376; 68 Ark. 534; 1 Dan. Neg. Inst. § 201; 14 Bush, 172; 13 N. Y. 542; Kerr, Fraud & Mist., 396. ; It was error to deny the motion to transfer to equity. Story, Eq. Jur., § 523; Story, Eq. Jur., § 525; 31 Ark. 345; 49 Ark. 575; 51 Ark. 198; Sand. & H. Dig. § 572.

*J. M. Moore, W. B. Smith,* for appellees.

A plea of *nil debet* is bad. 60 Ark. 611; 35 Ark. 106; 39 Ark. 147; 32 Ark. 105; Bliss, Code Pl., 334; 40 Ark. 360; 43 Ark. 452; 44 Ark. 524. Appellant was bound by the stated account. Sand. & H. Dig. § 2972.

*James A. Gibson* and *John F. Park,* for appellees on motion to strike.

Where an act is to be performed within a specified period from or after a day named, the day thus designated is excluded, and the last day of the period included. Sand. & H. Dig. § 5849; 49 L. R. A. 202; 42 Ark. 491; 39 Ark. 558; 35 Ark. 386; 38 Ark. 216; 14 S. W. 946; 56 Ark. 594; 21 N. E. 781; 91 Ill. 91; 105 Ill. 264; 48 N. E. 992.

*H. Coleman,* for appellant in reply.

The judge allowed the bill of exceptions presented. 56 Ark. 600. Section 5849 of Sandels & Hill's Digest is constitutional. 9 Ark. 133; 13 Ark. 676; 33 Ark. 568; 56 Ark. 594; 57 Ark. 1, 60; 64 Ark. 597. The signing of the bill of exceptions does not cut off all inquiry into its truthfulness. 43 Ark. 230, 17; 21 Am. Dig. §§ 80, 89; 44 Ark. 524.

BATTLE, J. This action is founded upon two promissory notes. It was instituted by Goodlett & Co. against Oliver Boone. Both notes were executed by defendant at Memphis, in the state of Tennessee, and were made payable to the order of plaintiffs. The first one was for the sum of $1250, was dated February 20, 1889, was due on or before January 1, 1890, and bore interest from date. Several sums of money, amounting in the aggregate to $380.47, were paid on the same. On the 4th of February, 1895, it was renewed by indorsement in writing thereon. The second was for the sum of $1137.95, was dated the 4th of February, 1895, was due on 1st of January, 1896, and bore interest from date.

The defendant filed an answer to the complaint; the substance of which is hereinafter set out.

The defendant then moved the court to transfer this action to the proper chancery court, which was denied.

A jury was then impaneled to try the issues in the case; and the plaintiffs on their behalf read as evidence the two promissory notes sued on, and rested. The defendant then testified in his own behalf as follows:

"I am defendant in this suit. On the 20th day of February, 1889, in Memphis, Tennessee, I entered into a contract with the plaintiffs to advance me money and supplies for that year. I agreed to pay them the amount of the advances with interest thereon at the rate of 10 per cent. per annum from the date of the advance until paid. As a part of said contract, I executed and delivered to them my promissory note for $1,250, dated 20th of February, 1889, payable the 1st of January, 1890, and secured by a deed of trust on real and personal property. This note, which is the one described in the first paragraph of the complaint, was simply to secure the advances to be made. When the note was executed, I did not owe plaintiffs a dollar. Plaintiffs advanced to me for a number of years, and I shipped cotton to them on account. On February 4, 1895, I was in Memphis, and met old man Goodlett on the street. He said I was indebted to him on account, and asked me to go to his office, and make him a note. We went to his office, and he said I owed him $1,137.95. I told him I had no idea how the account stood, but if he stated that I owed him the sum named, I would sign a note for that amount. He filled out a note, and I signed it. This is the note described in the second paragraph of the complaint, and purported to be for the balance due on the contract for advances."

The defendant offered to prove, by his own testimony and the itemized account filed herein to show the considerations of the notes sued on and the amount of the indebtedness of defendant to them, that "there were wrongful charges and omitted credits in said account which had been carried into the notes sued on;" and the court would not allow him to do so, and he excepted.

Other evidence was adduced. The court instructed the jury, and they returned a verdict in favor of the plaintiffs for $2100; and the court rendered judgment against the defendant for that amount, and he appealed; and the court allowed him sixty days in which to prepare and tender his bill of exceptions.

The appellant prepared and tendered the same to the judge of the trial court within the time allowed; and the judge amended it by erasures and interlineations, and struck therefrom, in part, the following:

"The defendant now offered to show by his own testimony the amount he had received from the plaintiffs, the amount he had paid to them, and the true state of the account between them; which testimony the court refused to admit. The defendant excepted, and asked that his exceptions be noted of record, which was done.

"The defendant offered to prove by his own testimony that the plaintiffs had charged him with supplies which were never advanced to him, and which he did not receive; but the court refused to admit this testimony, to which ruling of the court the defendant excepted, and asked that his exceptions be noted of record, which was done.

"The defendant offered to show by his own testimony the date and amount of payments made by him to the plaintiffs, for which they had given him no credit; but the court refused to admit this testimony. The defendant excepted, and asked that his exceptions be noted of record, which was done.

"The defendant then offered in evidence the itemized account filed by the plaintiffs in response to the motion contained in the defendant's answer, and offered to prove by the account itself and by his own testimony that there were wrongful charges and omitted credits in said account which had been carried into the notes sued on; but the court refused to admit said account, except for the purpose of calculating the amount of usurious interest charged in same, and held that the defendant could not go behind the notes to show any want or failure of consideration, except as to usurious interest carried into the notes; to which ruling of the court in so re-

stricting the use of the account, and in refusing to permit the defendant to show the erroneous debits and credits therein,. the defendant excepted, and asked that his exceptions be noted of record, which was done.

"The defendant offered to prove by his own testimony that he had fully paid the plaintiffs all that he owed them; but the court refused to permit him to so testify. The defendant excepted, and asked that his exceptions be noted of record, which was done."

Appellant filed, in the time allowed, the bill of exceptions as amended, and, not being satisfied with the amendments, secured the affidavits of two bystanders, John L. Ingram and H. A. Parker, attesting the truth of his exceptions, and filed them, in due time, as a part of the record. Eleven days thereafter he filed the affidavits of Charles T. Coleman and M. J. Manning, two bystanders, which corroborated the affidavits already filed.

Did appellant comply with the statutes in proving his bill of exceptions by bystanders?

Section 5849 of Sandels & Hill's Digest is as follows: "If the party excepting is not satisfied with the correction, upon his securing the signatures of two bystanders attesting the truth of his exception as by him prepared, the same shall be filed as a part of the record; but the truth of the exceptions may be controverted and maintained by affidavits, not exceeding five in number on each side, to be filed with the clerk within ten days after the filing of the exception, which affidavits shall be a part of the record."

In *Fordyce* v. *Jackson*, 56 Ark. 601, this court says: "When the judge rejects any part of the bill of exceptions presented to him for allowance by either party, he should certify that fact, if the aggrieved party desires, in the bill of exceptions. The foundation is then laid for preserving the excluded exceptions by the aid of bystanders. If the judge refuses to certify this allowance of any matter, it is time enough then to attempt to bring that fact upon the record by the bystanders. For aught that appears here, the judge allowed the bill of exceptions presented to him by the appellant. There is no intimation to the contrary in the bill of exceptions, the certificates or affidavits."

In this case the appellant, within the time allowed by the court, prepared and tendered a bill of exceptions to the judge for signature, and he refused to sign the same, but amended it by interlineations and erasures. Thereupon appellant filed the bill of exceptions as amended and a statement, in the form of an affidavit

by his attorney, in which he states, in effect, that he presented the bill of exceptions without erasures or interlineations, and that the judge had amended it as before stated, and that he was not satisfied with the amendment, and that the bill of exceptions as prepared is correct. At the same time he filed an affidavit of two bystanders, John L. Ingram and H. A. Parker, in which they show how the bill of exceptions was as prepared and tendered for signature by the judge, and the amendment made by erasure and interlineation, and swear that the bill of exceptions as prepared is correct. This is a substantial compliance with the statutes. The part of the bill of exceptions that was signed by the judge appears in that instrument over his signature. The amendment appears in the bill of exceptions, and the affidavits of the bystanders show that it was made by the judge. It is true that the judge did not certify that he made the amendment. This was not absolutely necessary. It was not so held in *Fordyce v. Jackson, supra.* In that case it did not appear that any part of the bill of exceptions presented to the judge was rejected by him. There was no foundation laid for the affidavits of bystanders. While the court said that "when the judge rejects any part of the bill of exceptions presented to him for allowance by either party, he should certify that fact, if the aggrieved party desires, in the bill of exceptions," it did not hold that it is the only mode in which that fact could be made to appear. The statutes do not provide that it should be shown in any particular manner. The mode suggested in *Fordyce* v. *Jackson,* however, is very good, and ought to be followed in every case where it is practicable.

The attorney of appellant was not a bystander, and his affidavit was not admissible to show that the bill of exceptions presented to the judge for approval was true, but it was competent to show that the appellant was not satisfied with the amendments.

The affidavits of Charles T. Coleman and M. J. Manning were not filed in time.

Appellee contends that section 5849 of Sandels & Hill's Digest is unconstitutional, because the signing "a bill of exceptions is a judicial act, and must be done by one clothed with judicial power; that a bystander cannot be empowered to say what shall be contained in a bill of exceptions." But the statutes do not authorize him to sign a bill of exceptions, or to say what should be incorporated therein. He (bystander) is allowed only to testify as to facts. When he has done so, it is the duty of the appellate court to say

what corrections in addition to the bill of exceptions signed by the judge ought to have, been made, and should be treated as a part thereof. The statute in no manner conflicts with the constitution.

The affidavits of Ingram and Parker show that the bill of exceptions of appellant is true, and should have been allowed and signed by the judge as it was presented to him. But appellees insist that, if this be true, the testimony offered by appellant and excluded by the court was inadmissible, because it was not pertinent to the issue in the case. In support of this contention they say: "Appellees in their complaint simply declare on two promissory notes, which were set out in and made a part of the complaint. Appellant in his answer did not deny the execution of either note, nor the indorsement by him on the 4th of February, 1895, on the first note, of a new promise to pay the same. While his answer is not paragraphed, all of that part down to the allegation that "defendant alleges that he relied entirely upon the plaintiffs to keep a just and correct account," etc., will be treated as one paragraph, and as containing simply a defense as to usurious charges of interest and the alleged unlawful compounding of interest at short intervals. The part of the answer referred to closes with this statement: "Said usury entered into and tainted the notes herein sued on, which represent said advances and alleged interest, have no consideration apart from same, and are usurious and void as to the excess carried into them. And they further say that the denial by appellant, in his answer, of each and every item in the account filed by appellees was surplusage, as the account was not sued on, and when filed it was not made an exhibit to or a part of appellees' complaint."

Appellant's answer is very loose, ambiguous and unskillfully drawn. Appellees, it seems to us, do not understand it. He (appellant) alleges in his answer "that on the 20th day of February, 1889, plaintiffs and defendant entered into a contract, whereby plaintiffs agreed to advance plantation supplies to the latter, and he agreed to pay for the same and interest thereon at the rate of ten per cent. per annum"; and that on that day he executed the promissory note mentioned in the first paragraph of the complaint to secure such payment; that appellees, in pursuance of their contract, advanced to him money and supplies; and that, after they had done so through a series of years, they, on the 4th day of February, 1895, presented to him a "blank note payable to themselves purporting to be the balance due under said contract, which he, relying

solely upon their representations as to the amount due  *  *  *
and without any knowledge of the actual state of the account be-
tween them, executed." This is the note mentioned in the second
paragraph of the complaint. He then pleaded usury, and
said: "Defendant alleges that he relied entirely upon the plain-
tiffs to keep a just and correct account of the advances under said
contract; that plaintiffs did keep an account in their regular books
which are now in their exclusive control, and said account is ma-
terial to his defense. Wherefore he moves the court to require the
plaintiffs to exhibit a true transcript of their books showing said
account, and asks that he be relieved from answering further until
said statement is brought in."

On the filing of this answer, appellees filed an itemized ac-
count as requested. Thereupon appellant made this addition to
his answer: "Defendant (appellant) denies each and every item
in the account filed, and denies that he is indebted to plaintiffs in
the sum sued for, or any other sum." In the answer first filed he
admitted the execution of the notes; said that the first was exe-
cuted for supplies and money thereafter to be advanced; and that
he executed the second for á balance due on account for money and
supplies advanced under their contract, without any knowledge
of the actual state of the account between them; asked for a true
transcript of appellees' books showing the account; and when the
account was filed denied it. What did he mean by such denial? He
evidently does not intend to say that he owed the amount for which
the notes were executed, and nothing on the account at the time the
last note was executed, the account being filed to show the consider-
ation of the notes. If he did, the denial of account is meaningless
and superfluous. He obviously intended to plead a failure of the
consideration of the notes.

There was no effort made by the appellees to require the ap-
pellant to make his answer more definite and certain. We are
left to construe it liberally with a view to substantial justice be-
tween the parties, as provided by our statutes. Sand. & H. Dig.
§ 5754. Construing it in this manner, under the issues thereby
made, appellant ought to have been allowed to show, as he offered
to do, that there were "wrongful charges and omitted credits in
the account filed which had been carried into the notes." As it
tended to prove a want or partial failure of the consideration of
the notes, it was material and relevant, and the court erred in
excluding it.

The appellees say the testimony offered was not admissible, because there was an affidavit to the account in which the affiant swore that it is just and correct, and the appellant had not under oath denied the correctness, and cites section 2972 of Sandels & Hill's Digest to support their contention. This section does not apply to any action or suit, except those upon accounts; and if it applied to this case, the appellant offered to comply with it by testifying under oath that the account filed is not correct.

The court did not err in denying appellant's motion to transfer this action to a court of equity. The pleadings do not show any grounds of equitable jurisdiction.

Reverse and remand for a new trial, with leave to appellees to file a motion to require appellant to make his answer more definite and certain.