BROOKS *v.* INTERNATIONAL SHOE COMPANY.

Opinion delivered February 11, 1918.

1. ACCOUNT—ACTION ON—ITEMIZED ACCOUNT.—Under Kirby's Digest, section 6128, where an action is brought on an account, the account must be itemized, and filed with the complaint, and where a detailed or itemized account is not filed, it is error for the court to overrule defendant's motion to make the account more specific by giving the items.

2. ACCOUNT—ANSWER—INSUFFICIENCY.—In an action on an account for goods sold and delivered, the answer of defendant is insufficient where it contains neither a denial of the purchase nor a plea of payment.

3. APPEAL AND ERROR—ACTION ON ACCOUNT—MOTION TO MAKE MORE SPECIFIC—EFFECT OF FILING DEFECTIVE ANSWER.—In an action on an account, the defendant filed a motion to make the account more specific, which the court erroneously overruled; defendant then filed a defective answer. *Held,* the filing of the defective answer was not a waiver of the erroneous ruling of the court in refusing to require that the account be made more definite.

Appeal from Marion Circuit Court; *John I. Worthington,* Judge; reversed.

*Allyn Smith,* for appellant.

1. The complaint was not sworn to by plaintiff. Kirby's Digest, § § 3151, 6121-6; 27 Cal. 295; 1 Denio (N. Y.) 662; 5 Ark. 32. See also 14 Ark. 237; 21 *Id.* 519; 24 *Id.* 410; 91 *Id.* 265.

2. No itemized account was filed. 19 Pa. Co. 641; 20 Weekly (Pa.) 21; 6 *Id.* 441; 60 S. E. 121. See also 1 Wait Ac. & Def. 190, § 3; Stephens Pl. 296; Kirby's Digest, § 6128; 172 S. W. 871.

3. The answer raised an issue. Kirby's Digest, § 6098; 6 Ark. 250; 50 *Id.* 466. The complaint failed to state a cause of action. 10 Kans. 131. The account was a lump or gross account and insufficient. Cases *supra.*

*J. H. Black,* for appellee.

1. The complaint was properly verified. Kirby's Digest, § 841; 20 S. W. 1069; 22 *Id.* 1101.

2. The account was sufficient; it was for *shoes.*

3.  The motions are not made part of the record by bill of exceptions.  131 Ind. 468; 30 N. E. 703; 140 Ind. —; 39 N. E. 862; 67 Ark. 320; 54 *Id*. 463.

4.  The answer was merely a plea of *nil debit* and insufficient.  Kirby's Digest, § 6098; 35 Ark. 109; 35 *Id*. 104; 46 *Id*. 132; 60 *Id*. 606.  See also Kirby's Digest, § 3151.

McCULLOCH, C. J.  Appellee, a mercantile corporation, instituted this action against appellant in the circuit court of Marion County to recover on an account for merchandise sold and delivered, in the following form, and duly verified, filed with the complaint as an exhibit:

"E. Brooks, Rush, Ark.

To Statement rendered.

| | | |
|---|---|---:|
| 6/13/16 | To Mdse | $ 27.12 |
| 6/13 | | 735.75 |
| 6/24 | | 6.60 |
| 7/10 | | 5.19 |
| 9/11 | | 3.38 |
| 10/9 | | 1.87 |
| 10/16 | | 1.38 |
| 10/20 | | 3.65 |
| | Total | $784.94 |
| 6/9/16 | By Cash | $200.00 |
| 8/1 | By Cash | 33.70 |
| 12/8 | By Cash | 50.00 |
| 12/6 | By Mdse | 1.10—$284.80 |
| | Balance due | $500.14 |
| | Interest | 15.00 |
| | Total | $515.14 |

(1)  The affidavit verifying the account was made by one of the officers of the corporation, the vice president, who stated in the affidavit that the facts stated were within his personal knowledge.  Appellant filed a

motion to require appellee to make the account or bill of particulars more specific by giving the items. In other words, the motion asked that the court require that an itemized account be filed. This motion was overruled whereupon appellant filed an answer as follows:

"Comes the defendant, E. Brooks, and for his· answer to the complaint of the plaintiff herein denies that he is indebted to the plaintiff in the sum of $515.14, for shoes purchased from the plaintiff as shown by Exhibit "A" and alleged in plaintiff's complaint, and denies that he is indebted to plaintiff in any other sum for shoes.

"Defendant, therefore, prays that the plaintiff take nothing by his action and that he have and recover of the plaintiff all costs by him paid out and expended."

Appellee then moved for a judgment on the pleadings, and the court held that the answer was insufficient and rendered judgment against appellant for the amount of the account. Appellant saved his exceptions and obtained an appeal to this court without filing motion for new trial. The statute on the subject of pleadings provides among other things as follows:

"If the action, counter-claim or set-off is founded on a note, bond, bill or other writing as evidence of indebtedness, the original, or a copy thereof, must be filed as part of the pleading, if in the power of the party to produce it. If not filed the reason thereof must be stated in the pleading. If upon an account, a copy thereof, must, in like manner, be filed with the pleading." Kirby's Digest, Sec. 6128.

The question for consideration in testing the correctness of the court's ruling in refusing to require a more detailed account to be filed involves an interpretation of the word "account" as used in the statute. It will be observed that the account filed by appellee did not purport to be an itemized account, but only to show the total amount of bills alleged to have been sold on the dates mentioned without giving a complete inventory of the goods sold.

The word "account" is said to have no inflexible technical meaning and is differently construed according to the connection in which it is used.  However, in mercantile transactions it is invariably used in the sense of a detailed or itemized account.  Bouvier defines the word as "A detailed statement of the mutual demands in the nature of debt and credit between parties, arising out of contracts or some fiduciary relation."  Substantially the same definition is given in 1 Corpus Juris, p. 596, where it is said: "To constitute an account, there must be a detailed statement of the various items, and there must be something which will furnish to the person having a right thereto information which will enable him to make some reasonable test of its accuracy and honesty."  The California Supreme Court speaking on this subject, said: "The items must in all cases be set forth with as much particularity as the nature of the case will admit; but the law does not require impossibilities, and the party called upon to account is not subjected to the necessity of doing an impracticable thing.  If the specifications are as precise and definite as he can make them, we do not see what more can be required."  *Conner* v. *Hutchinson,* 17 Cal. 279.  At common law an action on account was in the form of an action of debt or assumpsit and it was sufficient to describe the goods sold and delivered in general terms without giving the items, but statutes were passed in many States changing this rule and this was  the obvious design of our statute which was copied literally from the Kentucky code.  Mr. Bliss in his work on Code Pleadings (Sec. 298) after referring to the common law rule on the subject, calls attention to the fact that in many of the States "this want of certainty thus tolerated in debt and assumpsit is carefully guarded against" by the enactment of statutes changing the common law rule, and he mentions Arkansas as being one of the States where the change has been wrought by statute.  In Sutherland on Code Pleading (Vol. 2, Sec. 2297) the rule is stated as follows:

"The items of the account furnished must be set forth with as much particularity as the nature of the case admits of. A bill of particulars is sufficiently specific if it apprises the opposite party of the evidence to be offered. If the bill is too general, the party receiving it should obtain an order for further particulars."

Measured by this rule the account filed by appellee with his complaint was insufficient, and appellant was entitled to have it made more definite and certain. The fact that invoices of the goods had been furnished at the time of the sale of the goods did not relieve the pleader from compliance with the statute by furnishing an itemized account. It may have been necessary to appellant's defense to have an itemized statement furnished. At least, he was entitled to have the statute complied with by his adversary before he was called upon to answer the complaint.

(2) The court erred, therefore, in overruling appellant's motion. The answer was insufficient, for it neither contained a denial of the purchase of the goods, nor pleaded payment. The language of the answer constituted merely a common law plea of *nil debit,* which is a mere conclusion of law to be drawn from the facts and does not constitute a sufficient answer under our code of practice. *Fain* v. *Goodwin,* 35 Ark. 109.

(3) The filing of the defective answer was not, however, a waiver of the erroneous ruling of the court in refusing to require that the account be made more definite.

It is insisted on the part of appellee that the error of the court in overruling appellant's motion has not been properly preserved in the record so as to bring the matter before us for review because there was no bill of exceptions. That would be true if there had been a trial of the cause upon merit, in which case it would have been necessary for appellant to file a motion for new trial and to preserve the ruling of the court in a bill of exceptions. *Rowland* v. *McGuire,* 67 Ark. 320; *Arkansas Central Railroad Co.* v. *State,* 72 Ark. 250. But this error ap-

pears upon the face of the record itself where it is shown that the court overruled the motion and rendered judgment by default on account of the insufficiency of the answer.

For the error indicated the judgment is reversed and the cause remanded for further proceedings.