TAYLOR *v.* CROUCH.

4-9653

245 S. W. 2d 217

Opinion delivered January 21, 1952.

*Wiley W. Bean,* for appellant.

*J. H. Brock,* for appellee.

Ed. F. McFaddin, Justice. This appeal necessitates a consideration of § 51-409 Ark. Stats., relating to the procedure essential to perfect a lien on a motor vehicle which has passed out of the possession of the repairman.

Appellees, Crouch and Corley, are partners, trading under the firm name of Crouch Equipment Company, and engaged in the motor vehicle repair business in Ft. Smith. On February 18, 1950, L. G. Markle, then the owner of an International Truck, had the appellees perform work on the truck; and the charges for such labor and parts were $216.70. After delivering the truck to Markle, in February, 1950, appellees did no further work on it; but at various times from February to June, Markle purchased truck parts from appellee. Whether such parts were ever installed on the said truck, was a disputed question, but for purposes of this opinion, we may conclude that they were.

Sometime in July or August, 1950, Markle left the truck near his home in Clarksville and went to the State of Colorado, where he now lives. Armil Taylor took possession of the abandoned truck under some sort of claim, and sold it at a "public sale," and Houston Taylor acquired the said truck from Armil Taylor.[1]

---

[1] The witness Keller testified as to the truck and the ownership of it by appellant, Houston Taylor: "It was picked up by Armil Taylor and traded to Houston Taylor at a later date. It came to Armil Taylor

On August 21, 1950, appellees filed with the Clerk of the Johnson Circuit Court a verified statement which, omitting verification, was as follows:

## "AUTOMOBILE REPAIRMAN'S LIEN

"Crouch Equipment Company has and claims a lien in the sum of $302.07 on a certain KB-6 International Truck Serial No. 28295, said automobile being the property of L. G. Markle of Mulberry, Arkansas, and said lien being had and claimed by virtue of labor performed and materials and parts furnished for the repair of said automobile under a contract with the said owner of date of May, 1950, that the last of said labor was performed and the last of said materials and parts were furnished within a period of 90 days last past.

"That a just and true itemized statement of said labor performed and said materials and parts furnished is attached hereto, marked 'Exhibit A' and made a part hereof."

The "just and true itemized statement" mentioned in the foregoing contained only the following:

| "Date 1950 Statement Rendered | | Charges | Credit | Balance |
|---|---|---|---|---|
| February 18 | 2.13 ft$^2$ | 216.70 | | 216.70* |
| March 15 | 38.67 | 7.04 | | 223.74* |
| March 24 | 41.07 | | 19.52 | 204.22* |
| April 1 | 45.42 | 23.83 | | 228.05* |
| April 7 | 46.29 | 2.72 | | 230.77* |
| April 15 | 47.21 | 3.10 | | 233.87* |
| April 17 | 49.96 | 1.28 | | 235.15* |
| April 29 | 42.06 | 14.19 | | 249.34* |
| May 3 | 39.28 | 12.19 | | 261.53* |
| May 6 | 46.76 | 7.25 | | 268.78* |
| May 26 | 57.46 | 12.44 | | 281.22* |
| June 2 | 1.24 | 12.04 | | 293.26* |
| June 7 | 2.49 | 8.81 | | 302.07*" |

after public sale. I don't know if he bought it or had some one to bid it in for him. It came into Armil Taylor's possession after the sale."

$^2$ It was testified at the trial that the figures after each date refer to the number of the invoice, and the letters "ft" were code letters meaning "invoice"; but it was admitted that no invoices were attached to the statement filed with the Circuit Clerk.

On December 18, 1950, appellees filed this suit against appellant, Houston Taylor, seeking to subject the said International Truck to the appellees' alleged lien claim of $302.07. The Chancery Court awarded appellees a lien for only $33.29, which was the total of the three invoices (May 26, June 2 and June 7) that were the only purchases within 90 days of August 21st—the date of the filing of the lien notice with the Circuit Clerk. Appellant has appealed from so much of the decree as awarded appellees a lien for any amount; and appellees have appealed from so much of the decree as refused them a lien for the full claim of $302.07.

Decisive of the case is the fact, presented by the appellant in the trial court and renewed here, that the appellees did not comply with the essential requirements of § 51-409 Ark. Stats. Among other things, this section requires that the person seeking to enforce the lien shall file with the Clerk of the Circuit Court *"a just and true itemized account."* The account filed by the appellees has been previously copied; and contains only the date, invoice number and amount of each purchase. Since no invoices were attached, the statement was not *itemized*.

In *Brooks* v. *International Shoe Co.,* 132 Ark. 386, 200 S. W. 1027, we held that a statement, which merely listed the date and amount of each invoice, was *not* an itemized statement. We there quoted with approval the California Supreme Court:

"The items must in all cases be set forth with as much particularity as the nature of the case will admit; . . .' "

We also quoted to the same effect from Sutherland on Code Pleading:

" 'The items of the account furnished must be set forth with as much particularity as the nature of the case admits of. . . .' "

Webster's New International Dictionary says: "Itemized" is "to state in items, or by particulars; as, to

*itemize* costs, charges.'' The same publication says an ''item'' is ''an article; a separate particular in an enumeration, account, or total; a detail; as, the *items* in a bill.'' In 48 C. J. S. 788, the text says of ''Itemize'':

''To set down by items; state or describe by particulars, as to demand an itemized bill; to state in items or by particulars.''

Tested by our own case of *Brooks* v. *International Shoe Co. (supra)* and the other authorities cited, it is clear that the statement, filed by the appellees with the Circuit Court on August 21, 1950, was not an *itemized* statement. The statute here involved requires that a ''just and true itemized statement'' be filed in order for the claimant to perfect his lien. Since no such statement was filed, it necessarily follows that the appellees have no lien. In *Umstead Auto Co.* v. *Edwards,* 159 Ark. 327, 251 S. W. 878, we held that the statute, giving an automobile repairman a lien, required strict compliance. In failing to file a ''just and true itemized statement,'' the appellees failed to comply with the statute, so they have no lien.

Appellees cite us to *Standard Lumber Co.* v. *Wilson,* 173 Ark. 1024, 296 S. W. 27, and *Terry* v. *Klein,* 133 Ark. 366, 201 S. W. 801, as cases holding that an *itemized* statement need not be filed by one seeking to enforce a lien. But these cited cases involved the materialmen's lien statute (§ 51-613 Ark. Stats.) which requires that only a ''just and true account'' be filed. The said § 51-613 Ark. Stats. does not require that an itemized statement'' be filed, so the cases cited by the appellant under the materialmen's lien statute are not applicable to the case at bar.

The decree awarding the appellees a lien is reversed and the cause is remanded, with directions to dismiss the appellees' complaint against appellant and the truck herein.