GRIFFIN *v.* YOUNG.

5-814                                          286 S. W. 2d 486

Opinion delivered January 16, 1956.

[Rehearing denied February 27, 1956.]

814

*John B. Driver, McDaniel* and *Crow,* for appellant.

*John Marable,* for appellee.

Ed. F. McFADDIN, Associate Justice. This appeal emphasizes the necessity of itemizing an account. Appellees filed action against appellant, alleging:

"Defendant is indebted to plaintiffs in the sum of $310.60, together with interest from September 24, 1949, to date, at the rate of six per cent per annum, for goods, wares and merchandise which defendant purchased from plaintiffs on the dates and in the amounts as is shown on the itemized and verified statement of the account attached as Exhibit 'A' hereto and made a part hereof."

The "itemized and verified statement of the account attached as Exhibit 'A'" merely contained information like this:

| "7-29-48 | Groceries | 6.72 | |
| 7-29-48 | " | 1.87 | |
| 7-31-48 | " | 4.94 | |
| 8- 4-48 | " | 6.86 | |
| 8- 5-48 | " | 3.23 | |
| 8- 7-48 | " | 13.26 | |
| 8-10-48 | " | .21 | |
| 8-10-48 | " | 2.49 | |
| 8-11-48 | " | .36 | |
| 8-14-48 | Paid on Account | | 20.00 |
| 8-14-48 | Groceries | 17.07 | |

| 8-21-48 | Paid on Account | | 15.00 |
| 8-21-48 | Groceries | 11.08 | |
| 8-28-48 | ,, | 10.67 | ,, |

In other words, the account merely gave a date, the general word "groceries" and the total of the purchases of groceries on the date shown.

Appellant (defendant) filed this motion:

"The defendant respectfully moves the Court to require the plaintiffs to make their complaint more definite and certain in the following particulars:

"1. To itemize the account sued on;

"2. To state each item alleged to have been purchased by the defendant, and the cost thereof."

The Court overruled the motion, tried the case, and rendered judgment for appellees; and the only point on appeal is the alleged error of the Trial Court in refusing to require the appellees to itemize the account.

In *Brooks* v. *International Shoe Co.*, 132 Ark. 386, 200 S. W. 1027, in regard to the necessity of an itemized account when requested, we said:

"It will be observed that the account filed by appellee did not purport to be an itemized account, but only to show the total amount of bills alleged to have been sold on the dates mentioned without giving a complete inventory of the goods sold.

"The word 'account' is said to have no inflexible technical meaning and is differently construed according to the connection in which it is used. However, in mercantile transactions it is invariably used in the sense of a detailed or itemized account. Bouvier defines the word as 'A detailed statement of the mutual demands in the nature of debt and credit between parties, arising out of contracts or some fiduciary relation.' Substantially the same definition is given in 1 Corpus Juris, p. 596, where it is said: 'To constitute an account, there must be a detailed statement of the various items, and there must be something which will furnish to the person having a

right thereto information which will enable him to make some reasonable test of its accuracy and honesty.' ''

In the Brooks case the word was ''merchandise''; here the word is ''groceries.'' Other cases as to itemization are *Tylor* v. *Crouch,* 219 Ark. 858, 245 S. W. 2d 217; and *Terry* v. *Little,* 179 Ark. 954, 18 S. W. 2d 916. Under these cases it is clear that the defendant was entitled to have the account itemized by the plaintiffs, specifying the particular articles (i. e. ham, cheese, crackers, lard, etc.) covered by the generic word ''groceries,'' and totalling the amount of the purchases on each day shown.

To avoid the effect of our holdings as previously quoted, appellees claim that in *Brooks* v. *International Shoe Co., supra,* this Court quoted a Statute (then contained in § 6128 Kirby's Digest), and that the present Statute (§ 27-1143 Ark. Stats.) omits the last sentence contained in the Kirby's Digest section and reading as follows:

''If upon an account, a copy thereof, must, in like manner, be filed with the pleadings.''

Appellees point out that the last quoted sentence was contained in § 138 of our Civil Code of 1869 but was omitted from the Amendatory Act which was Act 48 of 1871. But the appellees' claim in this regard fails to go to the heart of the matter. The complaint [1] said that attached to it was an ''itemized and verified statement of the account.'' The defendant asked to be furnished such ''itemized statement.'' The plaintiffs failed to itemize the statement; and we have held that itemization is required when requested, unless good reason be shown for inability to itemize.

Furthermore we cannot see — in the record before us — anything that would support a holding that appellant has lost the right to raise the point on appeal. The order, overruling the motion to make more definite and certain, merely says:

---

[1] In Ark. Stats. Anno. Vol. 3, p. 1101 in the Appendix, there is Form No. 16, which gives the suggested form of complaint in an action on an account. The complaint here was similar to that form.

"And the Court, after hearing argument of counsel, overrules the said demurrer and motion."

Prior to Act 555 of 1953 an exception would have been required in order to save the point; but § 21 of Act 555 abolishes exceptions [2] and it is only necessary that the party at the time of the ruling makes known to the Court "the action which he desires the Court to take or his objections to the action of the Court and his grounds therefor." Certainly when the defendant filed in the Trial Court his motion to make more definite and certain, he made known the action which he desired the Court to take; and thus there is substantial compliance with § 21 of said Act 555.

The record before us contains only the pleadings in the Trial Court, but the appellees have not objected or claimed the record to be deficient. The appellant designated in the Trial Court as his point for appeal:

"The defendant herein, Roy Griffin, is appealing this case to the Supreme Court of Arkansas only from the Court's action in overruling the defendant's Motion to Make the Complaint More Definite and Certain."

Section 12 of Act 555 of 1953 says in part:

"Where the record has been abbreviated by agreement or *without objection from opposing parties,* no presumption shall be indulged that the findings of the trial court are supported by any matter omitted from the record." [3] (Italics supplied.)

When the defendant presented to the Trial Court his motion to have the statement itemized, the plaintiffs could have shown that they had furnished the only itemization they had, or they could have offered other excuses. But because of the said § 12 of Act 555, as above quoted, we cannot indulge the presumption that any such matters occurred. In this state of the record, we see no course open to us except to apply our cases concerning the necessity of itemizing an account when requested.

---

[2] This Section 21 is a copy of Rule 46 of the Federal Rules of Civil Procedure.

[3] This quoted sentence is not a part of Federal Rule 75(e) from which the first part of § 12 of Act 555 is copied.

818

Therefore, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Justices HOLT and WARD dissent.