SPEARS v. MILLER.

5-1774                                    320 S. W. 2d 942

Opinion delivered February 9, 1959.

[Rehearing denied March 16, 1959.]

*Bernard Whetstone & Joe B. Hurley,* for appellant.

*W. L. Jean, Fred Peppard,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Spears, operates a feed store. He filed this suit against appellee, Miller, in which he contends that Miller is indebted to him in the sum of $1,239.68 for feed products. No itemized statement of the account was attached to the complaint, and Miller filed a motion asking that the court require Spears to furnish a copy of the account. Spears responded, stating that it was impossible for him to furnish an itemized statement. At a hearing on the motion, it developed that it actually is impossible for Spears to furnish such a statement. His method of doing business was that on making a sale he would write out a ticket itemizing the merchandise sold and the price thereof. There would be an original and one duplicate. The duplicate would be furnished to the purchaser at the time of the sale; the original would be retained by the seller until such time as the purchaser made a payment on the account, at which time all the original tickets would be given to the purchaser and a new ticket made showing only the balance of the account in the event it was not paid in full. A copy of this new ticket

showing the balance would be given to the purchaser at the time of the part payment. This method was used in all of the sales to Miller. Hence, both the original ticket and the duplicate showing the items sold had previously been given to the purchaser, and Spears has no other record of the items sold. It is therefore absolutely impossible to furnish a copy of the account. The trial court held, however, that the plaintiff, suing on an account, was required by law to furnish an itemized statement of the account, and dismissed the complaint by reason of the failure of the plaintiff to furnish such a statement. Spears has appealed.

We have no statute requiring that a plaintiff suing on an account be required to furnish an itemized statement of the account. The Civil Code adopted in 1869 (§ 138) did require a copy of the account, but the Code was amended in 1871 (§ 138) and the provision requiring a copy of the account was eliminated. But Kirby's Digest, § 6128, published in 1904, contained § 138 of the Code of Civil Procedure adopted in 1869, requiring that a copy of the account must be filed with the pleading.

The decision in *Brooks* v. *International Shoe Co.*, 132 Ark. 386, 200 S. W. 1027, is based on the Code of 1869 as set out in Kirby's Digest. The fact that the Code had been amended in 1871 is not noticed. Later issues of the Digest of the Statutes (Crawford & Moses', 1921, § 1222; Pope's, 1937, § 1446; and Bobbs-Merrill, 1947, § 27-1143) all carry § 138, Code of 1869, as amended by the General Assembly of 1871, which makes no requirement that a copy of an account be attached to the pleading.

But, regardless of the fact that we have no statute requiring that a copy of an account be filed with the pleading, the trial court has authority to order that the complaint be made more definite and certain by furnishing an itemized statement of the account. But where, as shown here, through no fault of his, and while acting in good faith, it is utterly impossible for the plaintiff to attach to the pleading an itemized statement of the ac-

count, then he should not be ordered to furnish such a statement.

In *Griffin* v. *Young*, 225 Ark. 813, 286 S. W. 2d 486, we said: "The plaintiffs failed to itemize the statement; and we have held that itemization is required when requested, unless good reason be shown for inability to itemize."

Reversed.

JOHNSON, J., not participating.

ED. F. McFADDIN, concurring.

ED. F. McFADDIN, Associate Justice (concurring). When Spears filed this action he alleged that Miller owed him $1,239.68 with interest. Spears detailed the course of dealings between the parties and alleged: "Plaintiff, therefore, alleges that the matter thus became an account stated between the parties." Miller's answer said: "The defendant specifically denies that any stated account ever existed between the plaintiff and the defendant at any time." Thus, the issue was joined as to whether there was an account stated.

Bouvier's Law Dictionary defines an account stated: "An agreed balance of accounts. An account which has been examined and accepted by the parties." See also *Gulf Ref. Co.* v. *Williams,* 208 Ark. 362, 186 S. W. 2d 790. If there was an account stated, then an itemized, verified account showing debits and credits became entirely unnecessary. Plaintiff said there was an account stated and he should have been allowed to introduce evidence to sustain his allegations; and that is the basis of my concurrence.

It is true, as stated in the majority opinion, that our statute does not require an itemized statement of account to be attached to the complaint. This was discussed in *Griffin* v. *Young,* 225 Ark. 813, 286 S. W. 2d 486. But it is my understanding of the law that when the action is on an open account and the defendant files a motion for an itemized statement, then the plaintiff should be required to furnish such a statement, just as the plaintiff would be

required to comply with any other valid motion to make more definite and certain.

The defendant filed a motion for an itemized account in this case, and the plaintiff offered two answers: (a) that it was absolutely impossible to furnish the itemized account; and (b) that this was an action on an account stated and no itemized account was required. I think the second point was the complete answer; and so I would reverse the cause since it was an action on an account stated.