MCWATER v. EBONE.

5-2500                                    350 S. W. 2d 905

Opinion delivered November 20, 1961.

*Mikel & McCormick,* by *A. A. McCormick,* for appellant.

*Warren O. Kimbrough,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellee initiated this action by filing his complaint in the Sebastian Circuit Court, Fort Smith District, in which he alleged that the defendant, appellant herein, was indebted to him in the sum of $686.59 for tires, recapping and tire service during a period from February 10, 1959 through February 29, 1960. The complaint was duly verified and to the complaint the appellee attached a statement of the account, listing only by numbers twenty-two invoices with four items of credit. This statement was also sworn to by appellee.

To this complaint the appellant filed a motion in which he stated that the appellee had set out the account in such a way that it was impossible for him, because of lack of knowledge or information about the account, to file an answer and asked that appellee itemize the account. Thereafter and before the court had passed on his motion to require the appellee to make his complaint more specific, the appellant filed an answer in which he denied each and every allegation of the complaint and later filed an amended answer in which he specifically denied every allegation in the complaint and pleaded that the complaint was not based on an open account but upon a written instrument and further alleged that the tires sold to him by the appellee were sold under a warranty that if the tires proved unsatisfactory, they were to be replaced or accepted back by appellee at full value and that the tires delivered were not satisfactory and were returned and accepted by the appellee.

This answer was sworn to by the attorney for the appellant who stated in his verification that the defendant was not in the State of Arkansas.

It does not appear that the court passed on the motion to make the complaint more definite and certain but transferred the cause to chancery and stated in the order that it was agreed the court was confronted with a detailed accounting problem. We assume that the court overruled the motion to make more specific, for the appellant filed an answer.

On the 12th day of January, 1961, the appellee filed a motion setting out that his action was based upon a stated verified account which was certified as correct under oath; that the appellant, Lloyd McWater, had failed and neglected to deny under oath the correctness of the account and he prayed judgment upon the pleadings. The appellant filed a response to that motion and stated that he stood willing and ready to testify under oath as to the statements made in his answers and asked that the motion be denied.

On the 2nd day of March, 1961, the chancery court found that the action was based on a verified account, with the plaintiff certifying same to be just and correct, and that the defendant, appellant here, had failed and neglected to deny under oath the correctness of said account and rendered judgment for the appellee on the pleadings.

In this we find the court was in error. The verified account filed with the appellee's complaint does not measure up to the requirements of an itemized account as set forth in *Griffin* v. *Young,* 225 Ark. 813, 286 S. W. 2d 486:

"It will be observed that the account filed by appellee did not purport to be an itemized account, but only to show the total amount of bills alleged to have been sold on the dates mentioned without giving a complete inventory of the goods sold.

The word 'account' is said to have no inflexible technical meaning and is differently construed according to the connection in which it is used. However, in mercantile transactions it is invariably used in the sense of a detailed or itemized account. Bouvier defines the word as 'A detailed statement of the mutual demands in the nature of debt and credit between parties, arising out of contracts or some fiduciary relation.' Substantially, the same definition is given in 1 Corpus Juris, p. 596, where it is said: 'To constitute an account, there must be a detailed statement of the various items, and there must be something which will furnish to the person having a right thereto information which will enable him to make some reasonable test of its accuracy and honesty.'

In the Brooks case the word was 'merchandise'; here the word is 'groceries.' Other cases as to itemization are *Taylor* v. *Crouch,* 219 Ark. 858, 245 S. W. 2d 217; and *Terry* v. *Little,* 179 Ark. 954, 18 S. W. 2d 916. Under these cases it is clear that the defendant was entitled to have the account itemized by the plaintiffs, specifying the particular articles (*i.e.,* ham, cheese, crackers, lard,

etc.) covered by the generic word 'groceries,' and totalling the amount of the purchases on each day shown.''

From this it is clear that the motion of the appellant to require the appellee to make his complaint more definite and certain should have been granted. It is true that there appears with the transcript a number of copies of invoices, some trade acceptances, and a ledger sheet but these do not appear to have been filed with the chancery clerk and are not made a part of any of the pleadings herein and we are left to assume that they fall under the heading of the ''references to the invoices and exhibits in this case, which were made available to appellant and his counsel,'' as stated in appellee's brief.

When appellant filed his answer denying each and every allegation of the complaint, and further filed his amended answer setting up a valid defense, which amended answer was sworn to by appellant's counsel, the issues in this case had been joined.

Arkansas Statutes 28-202 relied on by appellee is as follows:

''Affidavit as to correctness of account—sufficiency. —All accounts upon which suits may be brought in any of the courts of this state, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct, shall be sufficient to establish the same, unless the defendant shall, under oath, deny the correctness of the account, either in whole or in part; in which case, the plaintiff shall be held to prove such part of his account as is thus denied, by other evidence.''

This statute is merely a rule of evidence and if the allegations of the plaintiff's complaint, which was verified, and the items of the exhibit to that complaint, which were also verified, had not been controverted, the statement of account which was sworn to would have been a *prima facie* showing on which a judgment for the appellee would have been sustained. The verity of the items in the statement may be denied by the defend-

ant by affidavit filed in the case or by verified answer. Its correctness may also be denied by the defendant under oath when he testifies as a witness in the case.

The case of *Walden* v. *Metzler,* 227 Ark. 782, 301 S. W. 2d 439, cited by appellee, was a case in which the defendant, although given an opportunity to do so, offered no sworn testimony to overcome the *prima facie* showing of a verified statement of account. Such is not the case here.

In the case of *Chicago Crayon Co.,* v. *Choate,* 102 Ark. 603, 145 S. W. 197, the import of the statute relied on by appellee is stated as follows:

"* * * The effect of this statute is to make such verified account, when undenied, *prima facie* proof of its correctness. In event the defendant does not under oath deny the correctness of the verified account which is made the basis of the suit, then it is not incumbent upon the plaintiff to introduce other evidence of its correctness; and such an account, thus verified, is proof itself of its correctness. Such verified account, however, is only *prima facie* evidence of its correctness. *It may be denied by defendant by an affidavit filed in the case, or by a verified answer. Its correctness may also be denied by the defendant under oath, when he testifies as a witness in the case.* When such denial of the correctness of the account is made by the defendant under oath in either of these ways, then the burden rests with the plaintiff to prove by other evidence the correctness of the account thus denied. *Boone* v. *Goodlett,* 71 Ark. 577 (76 S. W. 1059); *St. Louis, I. M. & S. R. Co.,* v. *Smith,* 82 Ark. 105 (100 S. W. 884)." [Emphasis ours.]

It therefore becomes clear that the statement filed by the appellee did not comport with the requirements set forth in *Griffin* v. *Young, supra,* and that the items of the account were denied under oath in an answer. It is true that the affidavit to the answer was made by the attorney for the appellant. Ark. Stats., 27-1107 is as follows:

"Verification by agents or attorney.—Hereafter, in all of the courts of the State of Arkansas, in all cases in which the affidavit of the plaintiff or defendant is now required to verify a pleading, to obtain a warning order, a provisional remedy, or any other order, or on a motion or proceeding therein, such affidavit may be made by such party, or by the agent or attorney or attorney shall state that the affiant is the agent or attorney of the party."

Therefore, the affidavit of the attorney for the appellant was sufficient under the circumstances.

The court should have therefore overruled the motion for judgment on the pleadings and have set the cause for trial in which the appellant may present the defenses which were set forth in his answers.

For the reasons herein set forth, the cause is reversed and remanded with directions to the trial court to overrule appellee's motion for judgment upon the pleadings that further proceedings may be had not inconsistent with this opinion. It is so ordered.